The STATE of Texas

v.

Teaundra Lasha OAGES, Appellee.

No. PD–0957–05.

Court of Criminal Appeals of Texas.

Dec. 20, 2006.

Patricia K. Dyer, Asst. District Atty., Abilene, for Appellant.

Stan Brown, Abilene, Matthew Paul, State's Atty., Austin, for Appellee.

HOLCOMB, J., delivered the opinion of the unanimous Court.

Appellee Teaundra Lasha Oages was charged by information with possession of less than two ounces of marijuana. Appellee filed a pretrial motion to suppress, and the trial court granted the motion. The trial court did not issue findings of fact and conclusions of law, although they were requested by the State. The State appealed the trial court's order to suppress to the evidence. In a published opinion, the Eastland Court of Appeals reversed the trial court's ruling. *State v. Oages,* 162 S.W.3d 445 (Tex.App.-Eastland 2005).

At the hearing on the motion to suppress, the State called a single fact witness, Sergeant Mike Baird of the Abilene Police Department, who had arrested appellee.[1] Baird testified that he stopped appellee's car after he observed her make a turn, which, in his opinion, violated section 545.104 of the Texas Transportation Code. Baird testified that he was traveling behind appellee's car and pulled up behind it at a stop sign. Appellee remained at the stop sign for a few seconds, and then she activated her turn indicator and turned right. Baird then initiated a traffic stop, claiming that appellee had failed to signal within 100 feet of the turn.

Baird discovered that appellee had outstanding warrants, arrested her, did a patdown search, and placed her in his vehicle. Baird then searched the interior of appel-

lee's car and found a small amount of marijuana in the console.

■ In *State v. Cullen,* we modified our holding in *State v. Ross*[2] and concluded that when the losing party on a motion to suppress requests findings of fact and conclusions of law,[3] the trial court must issue them, so that the court of appeals may properly review the trial court's ruling. 195 S.W.3d 696, 698–99 (Tex.Crim.App. 2006). We vacate the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with our holding in *Cullen.*

---

1. Appellee did not testify, nor did she call any witnesses.

2. *State v. Ross,* 32 S.W.3d 853, 856 (Tex.Crim. App.2000).

3. Such a request is best accomplished by a formal motion for findings of fact and conclusions of law, made either on the record in open court or by written motion and timely presentation to the trial court.