# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00205-CR

**The State of Texas, Appellant**

**v.**

**Roy Guzman, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY
### NO. 705339, HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals the trial court's order granting appellee Roy Guzman's motion to suppress evidence. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West 2007). We will abate the appeal for the preparation and filing of findings of fact and conclusions of law.

The underlying prosecution is for driving while intoxicated. Guzman moved to suppress the incriminating evidence on the ground that it was the fruit of an unlawful traffic stop. Austin Police Officer Nathan Scherbek, the only witness at the suppression hearing, testified that he stopped Guzman after seeing him spin his tires and lose traction as he entered a downtown intersection. Scherbek said that he stopped Guzman because he believed that Guzman had accelerated at an imprudent speed and "exhibited acceleration" in violation of the transportation code. He also testified that in light of all the circumstances, he believed that Guzman was

intoxicated. At the conclusion of the hearing, the trial court granted the motion to suppress and refused the State's request for a fact finding:

| THE COURT: | I'm going to grant the motion to suppress. I think that State's reliance upon the maximum speed requirement statute is misplaced, and that's why I'm going to grant the motion. |
| --- | --- |
| MS. MCKAY [prosecutor]: | Your Honor, could I get a ruling on the officer's credibility? |
| THE COURT: | No. No. I'm not going to rule on the officer's credibility. |

Upon the request of the losing party on a motion to suppress evidence, the trial court must state its essential findings for the record; that is, it must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). Although the court of criminal appeals stated that this rule was effective from the date of the opinion, it noted that appellate courts were already authorized to remand for findings of fact and conclusions of law so as to avoid having to infer facts from an unexplained ruling. *Id*. at 698; *see* Tex. R. App. P. 44.4. The court of criminal appeals has since remanded for compliance with *Cullen* in a case in which findings were requested before *Cullen* was announced. *State v. Oages*, No. PD-0957-05, 2006 Tex. Crim. App. LEXIS 2443, at *2 (Tex. Crim. App. Dec. 20, 2006).

We sustain the State's point of error complaining of the trial court's refusal to make findings of fact. The appeal is abated and the trial court is instructed to make and file findings of

fact and conclusions of law consistent with the holding in *Cullen*.  A supplemental record containing these findings and conclusions shall be filed no later than April 5, 2007.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Pemberton

Filed:   February 28, 2007

Do Not Publish