**Derek Lee BLOCKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–06–00336–CR.

Court of Appeals of Texas,
Waco.

Aug. 22, 2007.

Jim Shaw, Fort Worth, for Appellant.

Dale S. Hanna, Johnson County Dist. Atty., Cleburne, for State.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## ABATEMENT ORDER

PER CURIAM.

Appellant Derek Blocker, upon pleading guilty, appeals with permission the trial court's denial of his motion to suppress, which occurred on August 22, 2006. At the conclusion of the suppression hearing, the following colloquy occurred:

> THE COURT: The Motion to Suppress—Defendant's Motion to Suppress is denied. Are y'all ready to proceed?
>
> MR. SHAW: We've worked something out.
>
> THE COURT: What have y'all worked out? I'm in the dark here.
>
> MR. SHAW: A plea.
>
> THE COURT: With right of appeal?
>
> MR. SHAW: Right. **And we're going to ask for Findings of Fact and Conclusions of Law.**
>
> THE COURT: Okay. Let's do this— have y'all already got the paperwork?
>
> MR. SHAW: No.
>
> MS. BURNETT: I need to fill it out.
>
> THE COURT: Why don't y'all get that done. . . .

[Emphasis added].

After a recess, Blocker pled guilty with the right to appeal the denial of his motion to suppress.

When the losing party on a motion to suppress requests findings of fact and conclusions of law, the trial court is required to make them. *State v. Cullen*, 195 S.W.3d 696, 698–99 (Tex.Crim.App. 2006). The "efficient administration of justice will be served by a requirement that trial judges respond to a request for findings of fact and conclusions of law." *Id.* at 699. The Court of Criminal Appeals recently explained more clearly the reason why from then on it required such findings and conclusions: "so that the appellate courts can better review the decision of the trial court without speculating about the reasons for the trial court's decision." *Castro v. State*, 227 S.W.3d 737, 743 (Tex. Crim.App. 2007). We can better review the trial court's decisions because we are not "forced to make assumptions (or outright guesses) about a trial court's ruling on a motion to suppress evidence."[1] *Cullen*, 195 S.W.3d at 698.

"The [trial court's] findings and conclusions need to be recorded in some way, whether written out and filed by the trial court, or stated on the record at the hearing." *Cullen*, 195 S.W.3d at 699. *Cullen* did not mandate the form for a request for findings and conclusions. Based on *Cullen's* statement that the findings and conclusions need to be recorded

---

1. When the trial court does not file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and *assume* that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 859 (Tex.Crim. App.2000).

some way—either written or orally made on the record—we hold that a request can likewise be timely written or orally made on the record.[2] *See State v. Oages*, 210 S.W.3d 643, 644 n. 3 (Tex.Crim.App.2006) ("Such a request is best accomplished by a formal motion for findings of fact and conclusions of law, made either on the record in open court or by written motion and timely presentation to the trial court.").

■ We next consider the meaning of the following statement by Blocker's attorney in the context that it was made: "And we're going to ask for Findings of Fact and Conclusions of Law." A narrow construction (such as the dissent's) leads one to conclude that Blocker's attorney was telling the trial court that he was going to make a request for findings and conclusions in the future. But with the suppression hearing at issue coming just seven weeks after *Cullen* was issued, and with a guilty plea to take place imminently, we can easily construe the statement to have been a passively respectful way to request the trial court to do something that it was only recently required to do on a losing party's request.[3]

■ We reject the dissent's narrow construction of Blocker's attorney's statement.[4] The principal reason behind the requirement of findings and conclusions is so that we can "better review" a trial court's suppression ruling. *Castro*, 227 S.W.3d at 743. We should thus endeavor to do so, and when a possibly ambiguous yet bona fide request is presented, we should construe it in favor of performing a

2. In *Cullen*, the Court of Criminal Appeals looked to a rule of civil procedure (Rule 297) only for a time period in which the trial court must make its findings and conclusions. *See Cullen*, 195 S.W.3d at 699. We do not believe that *Cullen* intended any importation of the civil procedure rules relating to requesting findings of fact and conclusions of law, and the Court's more recent statement in *Oages* confirms our belief.

3. In his brief, Blocker asserts that he requested findings and conclusions: "Appellant requested Findings of Fact and Conclusions of Law, but none were made available. [R.Vol.1–109]." We construe this as a complaint about the trial court's failure to make findings and conclusions.

4. And we note that trial judges and attorneys commonly speak like this in court. *See, e.g., Ex parte Wheeler*, 203 S.W.3d 317, 321 (Tex. Crim.App.2006) ("I am going to grant the motion for mistrial."); *City of Port Isabel v. Pinnell*, 207 S.W.3d 394, 419 n. 31 (Tex.App.- Corpus Christi 2006, no pet.) ("I'm going to grant the attorneys' fees as requested by Pinnell and the Town of South Padre."); *Aguilar v. State*, 202 S.W.3d 840, 843 (Tex.App.-Waco 2006, pet. ref'd) ("I'm going to grant the State's motion to have the sentences run consecutively."); *Donnell v. State*, 191 S.W.3d 864, 867 (Tex.App.-Waco 2006, no pet.) ("You are going to hear testimony that is not consistent. Let me tell you what the actual truth is of that evening and what witnesses were there, and I'm going to ask that each one of you listen carefully for detail because that's the only way you'll be able to determine the truthfulness."); *Harrison v. State*, 2005 WL 2665421, at *11 (Tex.App.-Waco Oct.19, 2005, pet. granted) (mem.op.) (not designated for publication) ("Q. Ms. Evans, I'm going to ask you to state your name please, for us? A. Hazel Marie Evans."); *Allen v. Albin*, 97 S.W.3d 655, 662 (Tex.App.-Waco 2002, no pet.) (finding that trial court made an express ruling by stating, "so I'm going to grant the motion for summary judgment. . . . I hate to do it, but I'm going to grant the motion for summary judgment"); *Glivens v. State*, 2001 WL 1047534, at *12 (Tex.App.-Houston [1st Dist.] Aug. 31, 2001, pet. ref'd) (not designated for publication) ("[Prosecutor]: I am going to ask that defense counsel stop from clearly and totally interrupting d[ur]ing the argument."); *Slaughter v. State*, 2001 WL 193767, at *6 (Tex.App.-Austin Feb.28, 2001, pet. ref'd) (not designated for publication) ("DE-FENSE COUNSEL: I'm going to ask the jury to disregard the question and the answer. THE COURT: Okay. The jurors will disregard the last question and answer.").

better appellate review of the trial court's ruling at issue.[5]

We hold that Blocker adequately requested findings of fact and conclusions of law. Because the trial court did not make the required findings and conclusions, we abate this appeal for the trial court to enter findings of fact and conclusions of law regarding the denial of the motion to suppress. *See Urias v. State*, 155 S.W.3d 141, 142 (Tex.Crim.App.2004); *Norton v. State*, 156 S.W.3d 668, 669 (Tex.App.-Waco 2005, order); *see also In re Graves*, 217 S.W.3d 744, 754 (Gray, C.J., dissenting) ("The Court of Criminal Appeals has recently held that when required findings have not been made, we must first abate the appeal so that the required findings can be made."); *In re K.K.*, 180 S.W.3d 681, 686–88 (Tex.App.-Waco 2005, order) (abating appeal and remanding for evidentiary hearing on ineffective assistance claim in parental rights termination case); *Jack v. State*, 42 S.W.3d 291, 293–94 (Tex. App.-Houston [1st Dist.] 2001, order) (abating appeal and remanding for hearing and findings and conclusions on whether appellant had counsel and whether he received effective assistance of counsel during 30–day period for filing motion for new trial).

The trial court shall, within thirty days after the date of this order: (1) make appropriate orders and findings of fact and conclusions of law; and (2) deliver any orders and findings of fact and conclusions of law to the trial court clerk.

The trial court clerk shall: (1) prepare a supplemental clerk's record containing all orders and findings of fact and conclusions of law that the trial court renders or makes; and (2) file the supplemental clerk's record with the Clerk of this Court within forty-five days after the date of this order.

Appellant's supplemental brief, if any, will be due twenty days after the supplemental clerk's record is filed. The State's supplemental brief, if any, will be due twenty days after Appellant's supplemental brief is due or is filed, whichever occurs earliest.

Chief Justice GRAY dissenting.

TOM GRAY, Chief Justice, dissenting.

Contrary to the position taken by the majority that Blocker requested findings of fact and conclusions of law, no such request was made. Further, if such a request was made, Blocker did not complain to the trial court about the trial court's failure to make the findings, nor draw that failure to the trial court's attention, nor raise an issue on appeal regarding the trial court's failure to make the findings. I have no reticence to applying the Court of Criminal Appeals's decision in *State v. Cullen*. *State v. Cullen*, 195 S.W.3d 696 (Tex.Crim.App.2006). That holding makes our job of reviewing the trial court's ruling on a motion to suppress more focused. Normally a more focused review is an easier review to make. However, *Cullen* did not eliminate the need for the non-prevailing party to preserve error by complaining of the failure of the trial court to make the findings or to document that the trial court refused to rule on the request. Id. at 699 ("the requirement is: *upon the request of the losing party on a*

---

**5.** We have previously abated an appeal *sua sponte* and remanded the case to the trial court for further proceedings so that we could better review the issue on appeal. *See, e.g., In re K.K.*, 180 S.W.3d 681, 686–88 (Tex.App.-Waco 2005, order) (in parental rights termi- nation case, abating appeal and remanding for evidentiary hearing on ineffective assis- tance claim); *see also In re T.N.F.*, 191 S.W.3d 329, 332 (Tex.App.-Waco 2006, order) (same).

motion to suppress evidence, the trial court shall state its essential findings." (emphasis added)); Tex.R.App. P. 33.1(a)(1) and (2). In fact in *Cullen*, the State, which was the non-prevailing party on a motion to suppress, specifically requested findings of fact and "the court respectfully declined" to make the requested findings of fact and conclusions of law. *Cullen*, 195 S.W.3d at 696.

Because the issue was expressly preserved by an adverse ruling, *Cullen* did not address the manner in which the issue must be preserved for review. There is, therefore, no reason to believe or hold that the rules regarding preservation do not apply. But *Cullen* did expressly state that failure to preserve the issue, specifically by failing to make the request, would not forfeit the right to review the suppression ruling. But the right to review does not give the appellant, or this Court, the right to require the trial court to make the findings long after the trial court proceeding is final. Specifically, the Court stated:

> Nor do we intend to make appellate review of the trial court's ruling on a motion to suppress evidence *contingent* on the non-prevailing party's request. The non-prevailing party does not forfeit its right to appellate review of an adverse ruling by failing to request findings of fact and conclusions of law. If the non-prevailing party fails to make the request, and the trial court does not enter findings of fact and conclusions of law of its own accord, the non-prevailing party can still appeal any adverse ruling [on the motion to suppress].

*Cullen* at 699 (emphasis added). The downside for the non-prevailing party is that without the findings of fact and conclusions of law, it is more difficult to show error on appeal.

Specifically, as to this appeal, after the trial court asked if the parties had worked out a plea agreement with the right to appeal after the motion to suppress had been denied, defense counsel responded: "Right. And we're going to ask for findings of fact and conclusions of law." The statement implies a request will be made in the future as opposed to being a present request. But such a request was not subsequently made. In fact, the court and counsel went on to discuss who was going to prepare the paperwork to document the plea agreement. But an actual request to make findings of fact and conclusions of law was never made orally or in writing. And if this statement and otherwise silent record satisfies the notion of a request for a ruling, much less a formal request, many statements about what judges and attorneys say they intend to do will have to be reevaluated to determine if, under the new concept, error is preserved.

In *Cullen*, the Court of Criminal Appeals specifically stated: "We look to Texas Rule of Civil Procedure 297 to provide guidance to the trial courts about the time to file requested findings of fact and conclusions of law." *Id.* at 699. I note that Rule 297 also provides guidance to trial counsel as to what needs to be done in the event the trial court fails to file the requested findings, which assumes a request was timely made. To properly preserve the issue of the trial court's failure to make the findings, trial counsel must timely draw to the trial court's attention its failure to make the requested findings. Tex.R. Civ. P. 297. This is nothing more than an elaboration with a specific timetable of the existing rules regarding preservation. *Cf.* Tex.R.App. P. 33.1(a)(2)(B). That was not done in the present case.

I would hold that this Court is not authorized to abate this proceeding for the trial court to make findings of fact and conclusions of law, particularly when, as in this case, Blocker never made such a request, obtained a ruling, or complained of

the trial court's failure, and, further, because Blocker has briefed the issue without requesting that we abate this proceeding for the trial court to make the findings that a majority of the Court is now pursuing on behalf of Blocker. As briefed by counsel, we can, and should, review this appeal without the findings of fact to be made by the trial court; and it is error for us to abate this proceeding at this late date.

I respectfully dissent from the abatement of this proceeding for the entry of findings of fact and conclusions of law.