Affirmed and Memorandum Opinion filed May 8, 2008








Affirmed and Memorandum Opinion filed May 8, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00337-CR

NO. 14-07-00338-CR

NO. 14-07-00339-CR

 

ANTHONY TYRONE NICKSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 337th
District Court

Harris County, Texas

Trial Court Cause Nos. 1072969,
1072971, and 1072970

 



 

M E M O R A N D U M   O P I N I O N

Appellant,
Anthony Tyrone Nickson, pleaded guilty to three felony charges of possession of
a controlled substance with the intent to deliver.  Pursuant to a plea
agreement with the State, the trial court assessed punishment at twenty years
in prison.  We affirm. 

BACKGROUND








On June
14, 2006, Officer Robert Alan Hundersmarck of the Houston Police Department
Narcotics Division was investigating criminal drug activity at a pharmacy in
southwest Houston.  This particular pharmacy was known to be a place where
fraudulent prescription operations took place.[1] 
Officer Hundersmarck observed several individuals give pharmacy bags to a
woman, who then placed the bags in the trunk of her vehicle.  Shortly after
observing the woman gather the pharmacy bags, appellant arrived at the pharmacy
and spoke with her.  Appellant eventually left the pharmacy in a grey vehicle. 


Officer
Hundersmarck observed the woman who continued to collect pharmacy bags from
individuals entering and leaving the pharmacy.  The woman then left the
pharmacy, and Officer Hundersmarck followed her into a vacant parking lot where
appellant was waiting.  The woman opened the trunk of a her car and removed a
large plastic bag from the same area in which she had previously placed the
pharmacy bags.  Appellant opened the trunk to his car, and the woman placed the
bag into appellant=s trunk.  Appellant left the parking lot, and Officer
Hundersmarck followed him.  Officer Hundersmarck then observed appellant commit
two traffic violations.[2]  Appellant
drove back to the parking lot where he had previously met the woman, spoke with
her again, and left the abandoned parking lot a second time.  Officer
Hundersmarck followed appellant and observed him commit an additional two
traffic violations.








Officer
Hundersmarck then called for additional patrol officers to pull appellant over
and to arrest him for traffic violations.  Once additional officers arrived,
they stopped appellant and requested that he and the other two occupants exit
the vehicle.  Appellant was handcuffed and arrested.  After verifying the
occupants= identifications, officers discovered that both occupants had parole
violations and arrested them as well.  Officer Hundersmarck then proceeded to
impound appellant=s vehicle.  He called a wrecker and began an inventory search
of the vehicle.  Upon the inventory search, Officer Hundersmarck discovered
three bags in the trunk with prescription bottles containing Hydrocodone and
Xanax prescribed to various individuals.  Officer Hundersmarck also discovered
crack cocaine, powder cocaine, ecstasy, and Hydrocodone tablets inside the
vehicle.[3]  

Appellant
was charged in three separate indictments for possession with the intent to
deliver (1) at least 400 grams of Dihyrdrocodeinone, (2) cocaine weighing more
than four grams and less than 200 grams, and (3) more than 28 grams and less
than 200 grams of Alprazolam.  Each indictment contained an enhancement
paragraph alleging that appellant previously committed the offense of burglary
of a motor vehicle.  Appellant entered into an plea agreement with the State,
purportedly contingent on the trial court=s ruling on his motion to suppress. 
Generally, in a plea agreement involving a motion to suppress, the defendant
pleads guilty after his motion has been denied by the trial court.  In this
case, however, appellant pleaded guilty first and then proceeded to argue his
motion to suppress evidence.  Appellant pleaded guilty to the offenses as
alleged in each indictment and pleaded true to the enhancement allegations. 
The trial court conducted a hearing on appellant=s motion to suppress the contraband
found in his vehicle, which was denied.  Pursuant to the plea agreement with
the State, the trial court assessed punishment at twenty years in prison. 

On
appeal, appellant raises the following two issues: (1) the trial court erred in
denying his motion to suppress because the search was in violation of the
United States and Texas constitutions; and (2) the trial court erred in failing
to file findings of fact and conclusions of law.

STANDARD
OF REVIEW








We
review a trial court=s ruling on a motion to suppress evidence under a bifurcated
standard of review.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Therefore, we give almost total deference to the trial court=s ruling on (1) questions of
historical fact, even if the trial court=s determination of those facts was
not based on an evaluation of credibility and demeanor, and (2)
application-of-law-to-fact questions that turn on an evaluation of credibility
and demeanor.  Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App.
2002).  But when the trial court=s rulings do not turn on the
credibility and demeanor of the witnesses, we review de novo a trial court=s rulings on mixed questions of law
and fact.  Id. 

When, as
here, the trial court makes explicit findings of facts supported by the record,
we will not disturb them and will only address the question whether the trial
court improperly applied the law to the facts.  Guzman, 955 S.W.2d at
85-89; State v. Ballman, 157 S.W.3d 65, 69 (Tex. App.CFort Worth 2004, pet. ref=d); Schafer v. State, 95
S.W.3d 452, 454 (Tex. App.CHouston [1st Dist.] 2002, pet. ref=d).  If the trial court=s ruling is reasonably supported by
the record and is correct on any theory of law applicable to the case, we will
sustain it upon review.  See Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996).

INVENTORY
SEARCH








In his
first issue, appellant argues that the trial court erred by overruling his
motion to suppress the contraband found in the trunk of his vehicle. 
Specifically, appellant complains that the contraband was seized as the result
of a warrantless, illegal inventory search.  An inventory search is permissible
under the United States and Texas constitutions if it is conducted pursuant to
a lawful impoundment.  South Dakota v. Opperman, 428 U.S. 364, 372-75
(1976); Benavides v. State, 600 S.W.2d 809, 810 (Tex. Crim. App. 1980); Josey
v. State, 981 S.W.2d 831, 842 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d). The State bears the burden of
proving that an impoundment is lawful and may satisfy its burden by showing
that (1) the driver was arrested, (2) no alternatives other than impoundment
were available to ensure the automobile=s protection, (3) the impounding
agency had an inventory policy, and (4) that policy was followed.  Garza v.
State, 137 S.W.3d 878, 882 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).  We also consider the following
factors to determine the reasonableness of impoundment: (1) whether someone was
available at the scene of the arrest to whom the police could have given
possession of the vehicle; (2) whether the vehicle was impeding the flow of
traffic or was a danger to public safety; (3) whether the vehicle was locked;
(4) whether the detention of the arrestee would likely be of such duration as
to require police to take protective measures; (5) whether there was some
reasonable connection between the arrest and the vehicle; and (6) whether the
vehicle was used in the commission of another crime.  Josey, 981 S.W.2d
at 842. 

First,
the officers lawfully arrested appellant after Officer Hundersmarck personally
observed appellant commit a number of traffic violations.  Whren v. U.S.,
517 U.S. 806, 810 (1996) (stating that a police officer=s decision to stop a vehicle is
reasonable if the officer has probable cause to believe that the driver has
committed a traffic violation); State v. Gray, 158 S.W.3d 465, 469 (Tex.
Crim. App. 2005) (stating that an officer has probable cause to stop and arrest
a driver if he observes the driver commit a traffic offense); see also 
Woodward v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982) (stating that
when several officers are cooperating, their cumulative information should be
considered in determining whether probable cause exists).  

Secondly,
no other reasonable alternative existed at the time of impoundment.  There was
no one available to whom the officers could have released the vehicle because
appellant and the other occupants were arrested at the scene.  Appellant was
being transported to jail, requiring that he be detained for a sufficient
amount of time.  The officers properly initiated the protective measure of
towing his vehicle.  There is also a reasonable connection between appellant=s arrest and the impounded vehicle:
appellant was stopped and arrested for committing numerous traffic violations
in the vehicle.  See Josey, 981 S.W.2d at 843.  Because appellant was
under arrest, and his detention would involve taking him to the police station
for booking, leaving the vehicle without a driver, the officers appropriately
took measures to protect the vehicle.  Id. at 842-43. 








Thirdly,
the inventory search did not deviate from police department policy.  Officer
Hundersmarck testified that appellant=s vehicle was impounded pursuant to
HPD policy, which provided that when a motorist was taken into custody, the
vehicle must be impounded and inventoried to protect the department from
liability.  Officer Hundersmarck testified that after appellant and the other
occupants were arrested, he called for a wrecker to tow the vehicle and
conducted an inventory pursuant to police department policy.  Texas courts have
long held that an officer=s testimony is sufficient to satisfy the State=s burden to show that an inventory
search policy existed and that the policy was followed.  Stephen v. State,
677  S.W.2d 42, 44 (Tex. Crim. App. 1984).  We find that the inventory
conducted was proper and pursuant to established police department policy.
Because impoundment of appellant=s vehicle was both reasonable and
done pursuant to police department policy, the inventory search that followed
impoundment was lawful.  








Appellant
also asserts that an inventory is reasonable and lawful under the Fourth
Amendment only if conducted for the purposes of an inventory and that it may
not be used by police officers as a ruse for general rummaging in order to
discover incriminating evidence.  Appellant argues that the inventory conducted
here was not proper because the officers had improper motives in searching his
vehicle.  To support this argument, appellant relies on the State=s failure to produce the inventory
list and Officer Hundersmarck=s omitting from his offense report that he was impounding the
vehicle.  The officers= testimony at the suppression hearing negates appellant=s contention that the inventory
search was pretext to cover up the officers= alleged intent to search for
contraband.  Two officers, including Officer Hundersmarck, testified that
appellant was arrested for traffic violations personally observed by Officer
Hundersmarck.  They testified that HPD policy required impoundment and
inventory of appellant=s vehicle.  See Stephen, 677 S.W.2d at 44 (stating
that there was no need to introduce into evidence a written inventory where
officers testified that an inventory policy existed and that policy was
followed).  Thus, the record supports that the inventory was not a ruse.  We
hold that the inventory was not a pretext for an investigative motive. 

We
overrule appellant=s first issue.             

FINDINGS
OF FACT

In his
second issue, appellant argues that the trial court erred in failing to file
findings of fact and conclusions of law upon his request after his motion to
suppress was denied.  A trial court is required to prepare findings of fact and
conclusions of law if timely requested by a non-prevailing party on a motion to
suppress.  State v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006); State
v. Oages, 210 S.W.3d 643, 644 (Tex. Crim. App. 2006).  When the accused
challenges the motion to suppress ruling and the trial court does not file
findings of fact and conclusions of law, the appellate court should abate the
appeal so as to allow the trial court to make the necessary findings.  See
Blocker v. State, 231 S.W.3d 595, 598 (Tex. App.CWaco, 2007, no pet.).  This appeal
was abated on January 24, 2008, and following the trial court=s filing of findings of fact and
conclusions of law with this Court, reinstated on February 27, 2008. 
Therefore, appellant=s second issue is moot. 

We affirm the trial court=s judgment.

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed May 8, 2008.

Panel consists of
Chief Justice Hedges and Justices Anderson and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Officer Hundersmarck testified that based on his
training and experience, he was familiar with the  inner workings of fraudulent
prescription operations.  He testified that one of the organizers of the scheme
would transport a number of homeless or unemployed persons to a doctor.  These
persons would complain to the doctor of some illness requiring the prescription
of a narcotic such as Hydrocodone or Xanax.  Once the persons obtained the
prescriptions, they were driven to a pharmacy and obtained the prescription
drugs.  They then gave the prescription drugs, in turn for a minimal cash
payment, to one of the organizers of the fraudulent prescription operation.





[2]  Appellant denies that he committed any traffic
violations on this day.





[3]  Prior to the inventory search, appellant refused to
give police consent to search the vehicle.