COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH


NO. 2-08-340-CR

THE STATE OF TEXAS                                        APPELLANT

V.

TINA FROID                                                APPELLEE

------------

FROM COUNTY CRIMINAL COURT NO. 10 OF TARRANT COUNTY

------------

OPINION

------------

Introduction

The State appeals the trial court's order suppressing the evidence obtained during a stop by police while appellee was driving. The State contends that the trial court's findings of fact and conclusions of law are insufficient to comport with the dictates of *State v. Cullen* and requests that we remand this appeal for additional findings and conclusions. 195 S.W.3d 696

(Tex. Crim. App. 2006). We decline this request and affirm the order of the trial court.

## Background Facts

An Arlington police officer followed appellee as she left a bar at about 5:30 one evening turning onto East Abram Street. At the suppression hearing, the officer and appellee both testified, and the trial court took its ruling under advisement because it wanted an opportunity to review the videotape from the officer's dashboard camera, which captured the officer following appellee and stopping her. The officer testified to some of appellee's driving conduct that led him to believe that she was possibly driving while intoxicated, including the following: some swerving within her lane, nearly hitting the curb, and delaying in stopping for the officer. Appellee testified to the many potholes in the street and her need to avoid running into them, along with the narrowness of the street and curb. At the suppression hearing, the State and defense argued over whether the officer had reasonable suspicion to make the stop. *See Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868 (1968).

## Trial Court Findings

After the suppression hearing, and presumably after the review of the video from the officer's dashboard camera, the trial court entered the following findings, conclusions, and order:

After reviewing the evidence and judging the credibility of the witnesses, the Court finds that the police officer lacked reasonable suspicion or probable cause to stop the Defendant's vehicle. The Court finds the Defendant was not stopped pursuant to any warrant. The Court finds that the Defendant did not commit any law violations prior to the stopping of her vehicle by the police officer. Therefore, all evidence gained after the stopping of the vehicle is not admissible. The Defense motion to suppress is granted.

## Sole Point on Appeal

The State appeals from this order, contending that the trial court failed to "convey specific findings of fact and conclusions of law to provide the State or this Court with sufficient information in order to prosecute a meaningful appeal or conduct a meaningful review of the trial court's findings."

## The Law: *State v. Cullen*

More specifically, the State contends that the trial court's order does not comply with the Court of Criminal Appeals's mandate set forth in *Cullen*, in which that court held that a trial court must grant a party's timely request for findings of fact and conclusions of law related to its ruling on a motion to suppress. 195 S.W.3d at 698. The court agreed with Judge Womack's concurring opinion in *Ross,* in which she said appellate courts should not be forced to "make unjustified and incorrect assumptions" regarding trial court rulings on motions to suppress. *Id.*; *State v. Ross*, 32 S.W.3d 853, 859 (Tex. Crim. App. 2000) (Womack, J. concurring). The *Cullen* court further held that

3

a trial court should make essential findings of fact and conclusions of law "adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Cullen*,195 S.W.3d at 699. The court analogized to code of criminal procedure article 38.22, section six, which requires a trial court to set forth the basis of its order of admissibility regarding the voluntariness of an accused's statement. *Id.* (citing Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2008)). Furthermore, the court cited with approval and applied rule of civil procedure 297, which requires a trial court to file findings of fact and conclusions of law within twenty days of a timely filed request. *Id.* (citing Tex. R. Civ. P. 297). The *Cullen* court also discussed the appropriate solution, citing appellate rule 44.4, which directs the court of appeals to direct the trial court to correct remedial error when the trial court can. *Id.* at 698 (citing Tex. R. App. P. 44.4). The court remanded the case to the court of appeals so that the intermediate court could order the trial court to enter findings of fact and conclusions of law. *Id.* at 700.

## Analysis

Here, however, we have a different fact pattern. The trial court granted the motion to suppress on September 10, 2008. The State timely filed a motion requesting findings of fact and conclusions of law. The trial judge filed written findings and conclusions in its order granting the defense suppression

4

motion, whereas in *Cullen*, the trial court simply refused to do so. But in this case, the State is dissatisfied with those findings and conclusions, claiming they are insufficient and that they do not provide the "essential" findings required by the *Cullen* court. The State asks us to now remand this interlocutory appeal of the suppression order to direct the trial court to file additional findings of fact and conclusions of law. At oral argument, the State argued that rules 43.6 and 44.4 authorize, if not mandate, this court to abate for further findings and conclusions. Tex. R. App. P. 43.6 (authorizing court of appeals to make appropriate order that law and nature of case require), 44.4 (directing court of appeals to have trial court correct remedial error). We disagree, especially so in this particular circumstance: the State voiced no objection to the adequacy of the trial court's findings of fact or the appropriateness of its conclusions of law in the trial court.

As a threshold matter, a fundamental prerequisite for preservation of appellate issues on appeal is the corresponding duty to first ask the trial court to correct a perceived error before challenging the ruling on appeal. *See* Tex. R. App. P. 33.1(a)(1). Only if the trial court refuses to correct its error after being directed to it, is the error preserved. *Webb v. State*, 275 S.W.3d 22, 25 (Tex. App.—San Antonio 2008, no pet.); *see Mendez v. State*, 138 S.W.3d 334, 338 (Tex. Crim. App. 2004); *Stephenson v. State*, 255 S.W.3d 652, 661

5

n. 42 (Tex. App.—Fort Worth 2008, pet. ref'd).  Because the State did not first give the trial court an opportunity to address its concern, it has waived this complaint on appeal.[1]  *Sanchez v. State*, 120 S.W.3d 359, 365–67 (Tex. Crim. App. 2003) (for explanation of distinction of types of error).  For these reasons, we deny the State's request to abate this appeal for entry of additional findings of fact and conclusions of law.  We affirm the order of the trial court.


                                        TERRIE LIVINGSTON
                                        JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

PUBLISH

DELIVERED:  November 25, 2009

---

[1] We also note that our holding comports with rule of civil procedure 298, which requires any party who desires additional findings of fact and conclusions of law to file a request for same within ten days of the court's filing of its original findings and conclusions.  Tex. R. Civ. P. 298.  The State did not timely request additional findings of facts and conclusions of law.