Gregory Blaine SCHEIDEMAN,
Appellant,

v.

The STATE of Texas, State.

No. 02–10–00154–CR.

Court of Appeals of Texas,
Fort Worth.

May 17, 2011.

David L. Richards, Mark G. Daniel, Fort Worth, TX, for Appellant.

Charles Mallin, Asst. District Attorney, Andy Porter, Fort Worth, TX, for State.

PANEL: GARDNER, MEIER, and GABRIEL, JJ.

LEE GABRIEL, Justice.

### ABATEMENT ORDER

Following his guilty plea to the offense of driving while intoxicated (DWI), Appel-

lant Gregory Blaine Scheideman appeals his conviction, claiming in three points that the trial court erred by denying his motions to suppress and by ignoring his timely request to file findings of facts and conclusions of law.

■ In his first point, Appellant asks us to abate and order the trial court to file findings of fact and conclusions of law because it did not do so after Appellant requested them. The record shows that at the end of the suppression hearing Appellant's attorney asked the trial court to file findings of fact and conclusions of law. There are no findings of fact and conclusions of law in the record. The State contends that Appellant has forfeited his point because he did not object to the trial court's failure to file findings. Despite the State ably presenting its point, we cannot agree.

■ In *State v. Cullen,* the court of criminal appeals held that upon request of the losing party on a motion to suppress, a trial court is required to make findings of fact and conclusions of law. *State v. Oages,* 210 S.W.3d 643, 644 (Tex.Crim.App. 2006); *State v. Cullen,* 195 S.W.3d 696, 699 (Tex.Crim.App.2006); *State v. Froid,* 301 S.W.3d 449, 451 (Tex.App.-Fort Worth 2009, no pet.). When the accused challenges the motion to suppress ruling and requests findings but the trial court does not file findings of fact and conclusions of law, the proper remedy is for the appellate court to abate the appeal and remand to the trial court to allow the trial court to make the necessary findings. *See Cullen,* 195 S.W.3d at 700 (remanding to the court of appeals to order the trial court to enter findings); *Harper v. State,* No. 07–10–0131–CR, 2011 WL 320431, at *1 (Tex. App.-Amarillo Feb. 2, 2011, order) (abating and remanding to trial court to make findings); *St. Clair v. State,* No. 07–10–00251–CR, 2010 WL 3853193, at *1 (Tex.App.-

Amarillo Oct. 4, 2010, order) (same); *Blocker v. State,* 231 S.W.3d 595, 598 (Tex. App.-Waco 2007, order) (same); *see also Meekins v. State,* 340 S.W.3d 454, 465 (Tex.Crim.App.2011) ("[A]ppellate courts should have the trial judge's findings of fact before disagreeing with that judge's ruling on a motion to suppress. The court of appeals would have been well served to allow supplementation of the record with the findings of fact that appellant had requested.").

The State points to *Froid,* 301 S.W.3d at 451, in which we held that the State had forfeited its claim that the trial court's findings were too "concise" when it did not first give the trial court an opportunity to expand them, and asserts that our reasoning in that case requires us to hold that Appellant has similarly forfeited his claim because, as the State puts it, "[s]auce for the goose should be sauce for the gander." *Froid,* though, was a different bird. There, the State requested findings, and the trial court made them, but the State found them wanting. *Id.* Because the trial court filed findings in response to the State's request, it is reasonable to require the State to then object if it is dissatisfied with the findings the trial court filed. Here, Appellant requested findings that the trial court never produced.

■ The State also argues that because, in *Cullen,* the court of criminal appeals looked to a portion of rule of civil procedure 297 for guidance in determining a time period in which the trial court must make its findings, we should apply the rest of that rule and hold that Appellant failed to preserve his claim. *See* Tex.R. Civ. P. 297; *Cullen,* 195 S.W.3d at 699; *Blocker,* 231 S.W.3d at 597 n. 2.

Rule 297, in its entirety, states,

The court shall file its findings of fact and conclusions of law within twenty

days after a timely request is filed. The court shall cause a copy of its findings and conclusions to be mailed to each party in the suit.

If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a "Notice of Past Due Findings of Fact and Conclusions of Law" which shall be immediately called to the attention of the court by the clerk. Such notice shall state the date the original request was filed and the date the findings and conclusions were due. Upon filing this notice, the time for the court to file findings of fact and conclusions of law is extended to forty days from the date the original request was filed.

Tex.R. Civ. P. 297.

We agree with the State that the plain language of the second paragraph of the rule, if it applied, would require us to hold as the State argues we should. We are also aware that in *State v. Votta*, 299 S.W.3d 130 (Tex.Crim.App.2009), in which the court of criminal appeals held that the trial court erred in failing to issue findings, the State went above and beyond the instructions set out in the second paragraph of rule 297:

> When no findings of fact and conclusions of law were entered, the State filed a reminder of the court's obligation to file findings of fact and conclusions of law .... The State subsequently filed a notice of past-due findings of fact and conclusions of law pursuant to Rule 297 of the Texas Rules of Civil [P]rocedure, but no findings of fact or conclusions of law were ever entered.

*Id.* at 133.

Although we may prefer the procedure employed by the State in *Votta*, we do not read that case, or any other case from the court of criminal appeals, as adopting rule 297 *in toto*.

Absent specific instruction from the court of criminal appeals that we are to adopt all of rule 297 of the Texas Rules of Civil Procedure, prudence requires that we read *Cullen* to have adopted only the portion of rule 297 that the court of criminal appeals specifically looked to in that case for guidance. *See Cullen*, 195 S.W.3d at 699. Moreover, we are loathe to set before litigants any more hoops through which they must leap in order to preserve their complaints for our review. Here, Appellant properly requested findings which the trial court failed to provide despite *Cullen*'s plain direction that it do so.

Accordingly, we sustain Appellant's first point and abate the appeal for the trial court to file findings of fact and conclusions of law as required by the court of criminal appeals's rule set out in Cullen.

The trial court shall, within thirty days after the date of this order, (1) produce written findings of fact and conclusions of law pertinent to the ruling on Appellant's motion to suppress made on March 30, 2010; and (2) deliver the findings of fact and conclusions of law to the trial court clerk for filing.

The trial court clerk shall (1) prepare a supplemental clerk's record containing all findings of fact and conclusions of law that the trial court makes in compliance with this order; and (2) file the supplemental clerk's record with the Clerk of this court within forty-five days after the date of this order.

Appellant's supplemental brief, if any, will be due twenty days after the supplemental clerk's record is filed. The State's supplemental brief, if any, will be due twenty days after Appellant's supplemen-

tal brief is due, or is filed, whichever occurs earliest.