Order filed January 12,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00158-CR

                                                    __________

 

                                     STATE
OF TEXAS, Appellant

 

                                                             V.

 

                                        CHRIS
LOLLAR, Appellee



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                 Trial
Court Cause No. CR-024118

 



 

O R D E R

The State is appealing from a trial court’s order granting a
defendant’s motion to suppress.  In the motion, Appellee alleged that the
search warrant used to obtain blood from him contained false statements, and he
requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154
(1978).  After the trial court granted the motion, the State requested findings
of fact and conclusions of law.  The State’s request was made twenty-one days
after the court announced its ruling in a letter to the parties.  The trial
court denied the request, ruling that it was untimely under Rule 296 of the
Texas Rules of Civil Procedure.  We abate the appeal and remand to the trial
court to enter findings of fact and conclusions of law.

            The
Court of Criminal Appeals has mandated that, upon request by the losing party
in a motion to suppress, the trial court must state findings of fact and
conclusions of law in order to provide the appellate court with a basis on
which it can review the trial court’s application of the law to the facts.  State
v. Cullen, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).  The court stated
that an appellate court should not be forced to make assumptions or guesses
about the trial court’s ruling on a motion to suppress.  Id. at 698. 
The court looked to Rule 297 of the Texas Rules of Civil Procedure to give
guidance on the timing of filing requested findings.  Id. at 699.  The
court ruled that the trial court has twenty days from the date of its ruling in
which to file findings of fact and conclusions of law, if it has not made oral
findings on the record.  Id. at 699–700.

            In
general, the Texas Rules of Civil Procedure do not apply to criminal cases.  Ex
parte Donaldson, 86 S.W.3d 231, 233 (Tex. Crim. App. 2002).  In Cullen,
the Court of Criminal Appeals neither changed this holding nor adopted Rule
297.  As noted above, the court looked to the rule for guidance in deciding how
long a trial court had to make findings in a criminal case when they were
requested by the losing party.  The court did not say when a request for
findings was timely.  Id.

            In
this case, the trial court found that the State failed to file its request for
findings within the twenty-day time period required in Rule 296.  The Court of
Criminal Appeals has not adopted Rule 296.  There is one court in Texas that
has applied Rule 296 to criminal cases in dicta.  See Jackson v.
State, No. 13-11-031-CR, 2011
WL 2651793 (Tex. App.—Corpus Christi July 7, 2011, no pet.) (mem. op., not
designated for publication).  We, however, are not persuaded that putting
additional roadblocks in the way of findings of fact and conclusions of law in
motions to suppress serves the goal of the Court in Cullen of not
forcing appellate courts to speculate or guess on the basis of a trial court’s
ruling.  See Cullen, 195 S.W.3d at 698.  Absent clear guidance from the
Court of Criminal Appeals, we decline to adopt additional rules of civil
procedure into criminal practice.  See Blocker
v. State, 231 S.W.3d 595, 597 n.2
(Tex. App.—Waco 2007, no pet.) (“We do not believe that Cullen intended
any importation of the civil procedure rules relating to requesting findings of
fact and conclusions of law . . . .”); Scheideman v. State, No. 02-10-00154-CR,
2011 WL 2682948 (Tex. App.—Fort Worth May 17, 2011, order), disp. on merits,
2011 WL 4008123 (Tex. App.—Fort Worth Sept. 8, 2011, no pet.) (adopting only
that portion of Rule 297 to which the Court of Criminal Appeals looked for
guidance).

            Accordingly, we abate the appeal in this
case and remand the case to the trial court to make findings of fact and
conclusions of law with respect to its order granting the motion to suppress.  See
Tex. R. App. P. 44.4.  We direct
the trial court to make and file such findings and conclusions within thirty
days from the date of this order.  Those findings and conclusions shall be
included in a supplemental clerk’s record to be filed with the clerk of this
court within fifteen days after the trial court enters its findings and
conclusions.

            After the filing of the trial court’s
findings and conclusions, if the State decides that it should amend or
supplement its brief, such brief will be due thirty days after the supplemental
record is filed.  If the State does file an amended or supplemental brief, then
the Appellee will have thirty days to file a response.

 

                                                                                                PER
CURIAM

 

January 12, 2012

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.