ACCEPTED
03-15-00153-CR
5294072
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/14/2015 5:35:08 PM
JEFFREY D. KYLE
CLERK

## NO. 03-15-00153-CR

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | **IN THE THIRD** |
| **v.** | § | **DISTRICT COURT OF** |
| **FRANCES ANITA ROBINSON** | § | **APPEALS OF TEXAS** |

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/14/2015 5:35:08 PM
JEFFREY D. KYLE
Clerk

## STATE'S VERIFIED MOTION TO ABATE AND REMAND

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Now comes the State of Texas, Appellant in the above styled and numbered cause, and files this verified motion to abate and remand the instant cause to the trial court so that it may file its findings of fact and conclusions of law for inclusion in the appellate record, and would show unto the Court the following:

### I.

Appellee was indicted by a grand jury on June 5, 2013 for the charge of Intoxication Manslaughter in CR2013-267. After Appellee's motion to suppress evidence was granted by the trial court on February 18, 2015, the State timely appealed pursuant to article 44.01 of the Code of Criminal Procedure. The State timely filed its request for findings of fact and conclusions of law with the trial court on March 10, 2015. *See* Tex. R. Civ. P. 296.

The Clerk's Record in the instant cause was quickly filed with the Court on March 13th, while the Reporter's record was filed on March 20th, the same day the Court of Appeals granted the State's motion to stay proceedings in the trial court.

1

Although not required in criminal cases, out of an abundance of caution, the State timely filed a notice of past due findings of fact and conclusions of law on April 9, 2015, along with the State's proposed findings for the trial court. *See* Tex. R. Civ. P. 297.

On May 6, 2015, the State discovered that the trial court had filed findings and conclusions on April 17, 2015. The State had no notice or actual knowledge of the findings until May 6, 2015. The State confirmed on May 6th that neither the trial court's findings and conclusions nor any notice of the entry of said findings was sent to the parties in the instant cause. *But see id.* ("[t]he court shall cause a copy of its findings and conclusions to be mailed to each party in the suit."); *see also* Tex. R. Civ. P. 298 (giving parties 10 days from the filing of the court's findings to request additional or amended findings). As proof of the foregoing, the State directs the Court's attention to the attached State's Affidavit, verifying the facts set forth in the instant motion are true and correct.

II.

The State is entitled to findings of fact and conclusions of law in the instant appeal. In *State v. Cullen*, the Court of Criminal Appeals held that:

> [e]ffective from the date of this opinion … upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings. By "essential findings," we mean that the trial court must make findings of fact and conclusions of law adequate

> to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.

195 S.W.3d 696, 699 (Tex. Crim. App. 2006). In the instant case, the trial court did file findings on April 17, 2015. However, the Court of Criminal Appeals has held that findings entered after a trial court is deprived of jurisdiction are void. *Green v. State*, 906 S.W.2d 937, 940 (Tex. Crim. App. 1995). A trial court in a criminal case is deprived of jurisdiction when the trial record is filed. *Id*. at 939; *see also* Tex. R. App. P. 25.2(g). *Green* added that Rule of Appellate Procedure 55(b) "does not provide authority or jurisdiction for the trial court to make written findings which did not previously exist." 906 S.W.2d at 940 n.3. In that case, the appeal was abated and remanded so the trial court's findings could be included in the record. *Id*. at 940.

In the instant case, because the clerk's record was filed almost immediately after the notice of appeal on March 13th – and the reporter's record was filed days later on the 20th – the trial court was unable to include its findings and conclusions in the appellate record. Under *Green*, the findings and conclusions which were filed on April 17th – after the trial court was divested of jurisdiction – are void. *Id*. To ensure the record contains the findings to which it is entitled, the State respectfully requests that this Court abate and remand the instant appeal with the direction to re-file the trial court's findings, and to allow the State time to object or request additional findings. *See id*.; *see also Blocker v. State*, 231 S.W.3d 595, 598

3

(Tex. App.—Waco 2007, no pet.); *Marrero v. State*, 03-14-00033-CR, 2014 WL 4400771, at *1 (Tex. App.—Austin Sept. 4, 2014, no pet.) (mem. op., not designated for publication); *cf. McShan v. Pitts*, 538 S.W.2d 266 (Tex. Civ. App.—San Antonio 1976, no writ) ("Here the findings of fact and conclusions of law were made, but not in time for appellant to have any opportunity to request additional findings. We conclude that instead of reversing the judgment, the proper order is one directing the trial court to file its findings of fact and conclusions of law so as to give appellant the opportunity to request further, additional, or amended findings in accordance with Rule 298, Tex. R. Civ. P.").

## III.

**WHEREFORE, PREMISES CONSIDERED,** the State's counsel respectfully prays that the Honorable Court of Appeals abate and remand the instant appeal, and direct the trial court to re-file its findings. Further, the State prays that the Court direct that any supplemental clerk's record not be filed until the State has been afforded the opportunity to request additional or amended findings under Tex. R. Civ. P. 298, and the trial court in turn has time to file such findings.

4

Respectfully submitted,

/s/ Daniel Palmitier
**Daniel Palmitier** SBN: 24062984
palmid@co.comal.tx.us
Comal Criminal District Attorney's Office
150 N. Seguin Avenue, Suite 307
New Braunfels, Texas 78130
Ph: (830) 221-1300 / Fax: (830) 608-2008

**THE STATE OF TEXAS** §
**COUNTY OF COMAL** §

## STATE'S VERFICATION AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared

Daniel Palmitier, who being by me duly sworn, upon oath states that he is above

the age of 18, of sound mind and capable of making this affidavit, that he is an

attorney for the State of Texas in the above and foregoing cause – 03-15-00153-CR

in the Court of Appeals, trial court cause number CR2013-267, *The State of Texas*

*v. Frances Anita Robinson* in the 207th District Court of Comal County, Texas –

and that the facts stated in the foregoing *State's Verified Motion to Abate and*

*Remand* are true and correct.

_____
Daniel Palmitier

SUBSCRIBED AND SWORN to before me, this, the 14th day of May, 2015,
to certify which witness my hand and seal of office.

ELVA A. BRENNER
Notary Public. State of Texas
My Commission Expires
SEPTEMBER 19, 2016

_____
Notary Public in and for the
State of Texas
My Commission Expires: September 19, 2016

6

## CERTIFICATE OF SERVICE

I, Daniel Palmitier, Assistant District Attorney for Appellant, the State of Texas, hereby certify that a true and correct copy of the above and foregoing *State's Verified Motion to Abate and Remand* was sent to Defendant/Appellee FRANCES ANITA ROBINSON's attorney of record in this matter:

Mr. Charles Sullivan
csullivan@lawcsullivan.com
308 Campbell Dr.
Canyon Lake, TX  78133
Fax: 210-579-6448
*Attorney for Appellee on Appeal*

By electronic service to the above-listed email address on this the 14th day of May, 2015.

/s/ Daniel Palmitier
**Daniel Palmitier**