# NO. 12-19-00167-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRENT SINGLETON,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

### *PER CURIAM ORDER*

Appellant, Brent Singleton, appeals from his conviction for aggravated assault of a police officer by use or exhibition of a deadly weapon. In issue three of his appellate brief, he challenges the trial court's failure to make findings of fact and conclusions of law when denying his motions to suppress and in issue four, he challenges the denial of his motions to suppress. We abate and remand.

"[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). "The trial court must make findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id*.

In the present case, Judge Kaycee Jones heard Appellant's motions to suppress at a hearing on October 19, 2018. Judge Jones verbally denied the motions on December 6. On January 29, 2019, Appellant filed a request for findings of fact and conclusions of law. At a hearing on February 19, Appellant verbally informed Judge Jones that he filed a motion for findings and conclusions. Judge Jones requested that the parties submit proposed findings and conclusions. Before Judge Jones signed any findings and conclusions, Appellant filed a motion to disqualify or recuse Judge Jones. Judge Lisa Ann Michalk presided over the remainder of the

proceedings. At a hearing on April 4, Judge Michalk declined to sign findings and conclusions because she did not hear the motions to suppress.[1]

When the judge who presided over a suppression hearing is unavailable or ineligible to be appointed to prepare findings of fact and conclusions of law, the current trial judge may prepare findings and conclusions based on the prior judge's ruling on the record and the transcript of the suppression hearing. *Velez v. State*, No. AP-76,051, 2012 WL 2130890, at *13 (Tex. Crim. App. June 13, 2012) (not designated for publication). Having been recused, Judge Jones is unavailable to make the requested findings and conclusions. *See Ex parte Theusen*, 546 S.W.3d 145, 152-53 (Tex. Crim. App. 2017) (once district judge signs order of recusal, recused judge no longer has judicial authority to take any action or sign any orders in the case, except for "good cause," i.e., "articulate a 'substantial reason' that justifies a recused trial judge taking some action in the case, even though the statute prohibits him from doing so" … "Such 'good cause' does not relate to the merits of the underlying action"). Accordingly, Judge Michalk may prepare findings and conclusions based on Judge Jones's ruling and the transcript from the suppression hearing. *See id.* at 157 (disregarding recused judge's findings and conclusions and remanding to assigned judge for entry of findings and conclusions where recused judge presided over evidentiary hearing and issued findings and conclusions at a point when he lacked authority to do so)*; see also Velez*, 2012 WL 2130890, at *13; *Pavon–Maldonado v. State*, No. 14–13–00944–CR, 2015 WL 1456523, *4 n.5 (Tex. App.–Houston [14th Dist.] Mar. 26, 2015, no pet.) (mem. op., not designated for publication) (accepting findings and conclusions signed by successor judge; original judge who presided over suppression hearing had resigned and agreed to be disqualified).

---

[1] The State contends that Appellant failed to comply with the Texas Rules of Civil Procedure when requesting findings and conclusions. *See* TEX. R. CIV. P. 296 (request must be filed within twenty days after judgment signed); *see also* TEX. R. CIV. P. 297 (findings and conclusions shall be filed within twenty days of timely request…if court fails to file timely findings and conclusions, party shall, within thirty days after filing original request, file a "Notice of Past Due Findings of Fact and Conclusions of Law"). Although the Texas Court of Criminal Appeals looked to Rule 297 for guidance to the trial court about the time for filing requested findings and conclusions, the Court did not apply the specific requirements of Rules 296 and 297 to criminal cases and we decline to do so. *See State v. Cullen*, 195 S.W.3d 696, 699-700 (Tex. Crim. App. 2006); *see also Marrero v. State*, No. 03-14-00033-CR, 2014 WL 4400771, at *1 (Tex. App.—Austin Sept. 4, 2014, no pet.) (mem. op., not designated for publication) (per curiam) (declining to hold that appellant waived complaint regarding absence of findings and conclusions by not complying with requirements in civil cases…"the Texas Court of Criminal Appeals has not conditioned the trial court's duty to prepare such findings on the losing party's compliance with these requirements. Unless and until that court instructs us otherwise, neither will we"); *Scheideman v. State*, 413 S.W.3d 439, 441 (Tex. App.—Fort Worth 2011, no pet.) (absent specific instruction from court of criminal appeals that we are to adopt all of Rule 297, prudence requires that we read *Cullen* to have adopted only the portion of Rule 297 that the court of criminal appeals specifically looked to for guidance).

Therefore, we must abate this case, remand it for preparation of an order stating the trial court's conclusions and findings of fact, and direct that the order be filed in this Court in a supplemental clerk's record. *See Cullen*, 195 S.W.3d at 700 (vacating appellate court judgment and remanding to appellate court for entry of an order instructing trial court to sign findings of fact and conclusions of law).

Accordingly,

It is ORDERED that the Honorable Lisa Ann Michalk, shall prepare and file an order including the court's conclusions and supporting findings of fact regarding the denial of Appellant's motion to suppress. Such order must be filed with the district clerk on or before **April 27, 2020**.

It is FURTHER ORDERED that a supplemental clerk's record including the order and findings be certified to this Court on or before **May 4, 2020**.

It is FURTHER ORDERED that the Appellant shall have twenty (20) days from the date that the supplemental clerk's record is filed to file any supplemental brief based on the conclusions and findings of the trial court.

It is FURTHER ORDERED that the State shall have twenty (20) days from the date that the Appellant files his supplemental brief, or from the date that Appellant's time to file a supplemental brief expires, whichever is earlier, to file a brief based on the trial court's conclusions and findings and the Appellant's original and any supplemental briefing.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this 17th day of April 2020, A.D.

KATRINAMCCLENNY, CLERK
12th Court of Appeals

By: Katrina McClenny