# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00160-CR

**The State of Texas, Appellant**

**v.**

**Robert Brandon Minatra, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2018CR0338, HONORABLE CHARLES A. STEPHENS II, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas has filed a notice of appeal from the district court's order granting Robert Brandon Minatra's motion to suppress evidence. Before filing its notice of appeal, the State filed a request for the district court's entry of findings of fact and conclusions of law. No findings or conclusions were made before the clerk's record and the reporter's record were filed with this Court. The State has now filed a motion to abate and remand this cause to the district court for entry of findings of fact and conclusions of law. Additionally, the State requests that we grant the district court "the ability to further consider the State's Motion for Reconsideration" of the ruling on the motion to suppress.

The Texas Court of Criminal Appeals has stated that "when the losing party on a motion to suppress requests findings of fact and conclusions of law, the trial court must issue them, so that the court of appeals may properly review the trial court's ruling." *State v. Oages*,

210 S.W.3d 643, 644 (Tex. Crim. App. 2006) (citing *State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006) (requiring trial court to state its "essential findings," meaning those "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts")). When the trial court does not make such findings and conclusions, we are authorized to abate the appeal and remand the cause to the trial court for entry of its "essential findings." *See Cullen*, 195 S.W.3d at 698 (citing Tex. R. App. P. 44.1); *see also Green v. State*, 906 S.W.2d 937, 939-40 & n.4 (Tex. Crim. App. 1995) (noting that trial court no longer has jurisdiction to adjudicate case once trial record is filed with appellate court and that "[t]he proper way to revive the trial court's authority to take action is by abatement").

Accordingly, we grant in part the State's motion. We abate this appeal and remand this cause to the district court for entry of its findings of fact and conclusions of law. We deny the State's request that we allow the district court to "further consider" the State's motion to reconsider. A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court no later than May 21, 2020. *See* Tex. R. App. P. 34.5(c)(2). This appeal will be reinstated when the supplemental clerk's record is filed.

It is so ordered April 21, 2020.

Before Chief Justice Rose, Justices Baker and Triana

Abated and Remanded

Filed: April 21, 2020

Do Not Publish

2