**Dominique Jerome GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 71762.

Court of Criminal Appeals of Texas.

Sept. 20, 1995.

Michael P. Fosher and Brent Newton, Houston, for appellant.

Kimberly Aperauch Stelter, Assistant District Attorney, Houston and Robert A. Huttash, State's Atty., Austin, for the State.

OPINION

MALONEY, Judge.

Appellant was convicted of capital murder pursuant to Tex.Penal Code § 19.03(a)(2). The jury made affirmative findings to the three special issues and the trial court imposed the sentence of death. This case comes to us on direct appeal. Tex.Code Crim.Proc.Ann. art. 37.071(2)(h). We abate the appeal and remand this case to the trial court based upon our disposition of appellant's first point of error.

In his first point of error, appellant claims the appeal should be abated and the case remanded to the trial court to enter written findings of fact and conclusions of law as required by Tex.Code Crim.Proc.Ann. art. 38.22, § 6. Before trial, appellant filed a Motion to Suppress Written and Oral Statements. After a pre-trial *Jackson v. Denno* hearing, the trial court overruled the motion and admitted a statement made by appellant on October 21, 1992. The trial court did not enter written findings of fact and law concerning the admissibility of the statement. After appellant's conviction and sentence, the trial court record was filed in this Court for purposes of appeal on November 15, 1993. On May 6, 1994, appellant filed his brief with this Court in which he raised the trial court's failure to enter written findings. On October 27, 1994, the trial court made written findings concerning the admissibility of appellant's statement which were filed as a "Supplemental Transcript" with this Court on November 23, 1994.

■ When ruling on the admissibility of a defendant's statements, the trial court must "enter an order stating its conclusions as to whether or not the statement was voluntarily made, along with specific findings of fact upon which the conclusion was based, which order shall be filed among the papers of the cause." Tex.Code Crim.Proc.Ann. art. 38.22,

§ 6. This Court has held that "[t]he requirements of Article 38.22, ... are mandatory and require the trial court to file its findings regardless of whether the defendant does or does not object." *Bonham v. State,* 644 S.W.2d 5, 8 (Tex.Crim.App.1983) (*citing McKittrick v. State,* 535 S.W.2d 873 (Tex. Crim.App.1976); *Davis v. State,* 499 S.W.2d 303 (Tex.Crim.App.1973)).

 The State points to *Sweiberg v. State,* 511 S.W.2d 50 (Tex.Crim.App.1974) as standing for the proposition that it is harmless error for the trial court to enter its written findings after the case is submitted to the appellate court. In *Sweiberg,* the trial court entered "a written order ... setting forth its findings in admitting the confession into evidence which reflects a file mark and a date following the filing of appellant's brief in the trial court." *Id.* at 53. We held that delay in entering the written order is not reversible unless the appellant can show harm. *Id.* at 53 (*citing Shadrick v. State,* 491 S.W.2d 681 (Tex.Crim.App.1973); *Gaston v. State,* 435 S.W.2d 858 (Tex.Crim.App. 1969); *Clewis v. State,* 415 S.W.2d 654 (Tex. Crim.App.1965), *rev'd. on other grounds,* 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967)).

At the time of our opinion in *Sweiberg,* the defendant was required to file his appellate brief with the trial court, Tex.Code Crim. Proc.Ann. art. 40.09, subd. 9 (repealed by Texas Rules of Appellate Procedure), and the State was required to file its appellate brief with the trial court within thirty days thereafter, *id.* at subd. 10. The trial court would then decide whether to grant a new trial. *Id.* at subd. 12. If the trial court declined to grant a new trial, the record and briefs were transmitted to the Court of Criminal Appeals for review. *Id.* at subd. 13. Under these provisions, the trial court retained jurisdiction over the case until thirty days after filing of the State's brief in the trial court. *Id.; see also Guzman v. State,* 521 S.W.2d 267 (Tex.Crim.App.1975).

Contrary to the State's contention, *Sweiberg* does not stand for the proposition that a trial court can enter findings after the record has been transmitted to the appellate court. Rather, *Sweiberg* only stands for the proposition that a trial court could enter findings after the appellate briefs had been filed in the trial court under former article 40.09, which has been repealed.[1] Filing appellate briefs with the trial court is no longer the practice under the Rules of Appellate Procedure.

Under the Texas Rules of Appellate Procedure applicable now, once the trial record has been filed with the Court of Appeals or this Court, the trial court no longer has jurisdiction to adjudicate the case. Tex.R.App.P. 40(b)(2)[2]; *see also Farris v. State,* 712 S.W.2d 512, 514 (Tex.Crim.App.1986) ("A trial court's power to act in a given case ends when the appellate record is filed in the court of appeals, except for matters concerning bond"). "[I]t is ... axiomatic that where there is no jurisdiction, 'the power of the court to act is as absent as if it did not exist,' ... and any order entered by a court having no jurisdiction is void." *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App.1980) (*quoting Ex parte Caldwell,* 383 S.W.2d 587, 589 (Tex.Crim.App.1964)).

The trial record was filed in this case on November 15, 1993, at which time the trial court lost its jurisdiction. Therefore, the

---

1. It is not clear from the Court's opinion in *Sweiberg* exactly when the written findings were entered—before or after the thirty day time period in which the trial court retained jurisdiction. We assume it was entered within the thirty day time period, in which case the trial court still had jurisdiction over the case. *See Jackson v. State,* 646 S.W.2d 449 (Tex.Crim.App.1983) (where procedural requirements do not affirmatively appear in record to have been violated, presumption of regularity prevails).

2. Tex.R.App.P. 40(b)(2) provides:

 [i]n the appeal of a criminal case when the record has been filed in the appellate court all further proceedings in the trial court, except as provided by law or by these rules, shall be suspended and arrested until the mandate of the appellate court is received by the trial court.

written order setting forth findings of fact and law, which was entered nearly a year later on October 27, 1994, is null and void.[3]

█ Accordingly, this appeal is abated and the case is remanded to the trial court for disposition consistent with this opinion.[4] *Bonham,* 644 S.W.2d at 8 (where trial court made only oral findings following *Jackson v. Denno* hearing, appeal abated and trial court directed to make written findings).

WHITE, J., concurs.

McCORMICK, P.J., and CLINTON, J. dissent.

---

**3.** Rule of Appellate Procedure 55(b), which provides in part that the trial court may supplement the record after the record has been filed in the appellate court, does not provide authority or jurisdiction for the trial court to make written findings which did not previously exist. Rule 55 merely permits the trial court to supplement the appellate record with matters that were omitted. As stated by one appellate court, "[t]he term 'omitted' implies that the material existed when the appellate record was prepared but was not included in it." *Goodin v. State,* 750 S.W.2d 857, 860 (Tex.App.—Corpus Christi 1988, pet. ref'd.).

**4.** We recognize that there are opinions from this Court indicating that abatement is not necessary in order for the trial court to enter findings that did not previously exist and supplement the record with those findings. *See Armstead v. State,* 692 S.W.2d 99 (Tex.Crim.App.1985) (acknowledging that when appellate record filed in Court of Appeals, trial court is without authority to act, but approving of Court of Appeals' reasoning that since it could have ordered a hearing in the trial court and thus cured the error, it would accept the supplemental record). Despite such aberrations, we have clearly stated that abatement is necessary in order to vest the trial court with jurisdiction to act after an appeal has begun in

the appellate court. In *Duncan v. Evans,* 653 S.W.2d 38 (Tex.Crim.App.1983), the Court of Appeals ordered the county court to remove the indigent defendant's court appointed appellate attorney and appoint another. Presiding Judge McCormick, writing for the Court, recognized that once the appellate record is filed in the Court of Appeals the trial court is without authority to act except as to bond. The proper way to revive the trial court's authority to take action is by abatement:

> ... the Court of Appeals may in a case such as this ... abate the appeal and instruct the trial court to assure the protection of that right. By abating the appeal, jurisdiction may be properly returned to the trial court.... "After receipt of the appellate court's mandate of abatement, the trial court still has control over the case until the supplemental record again reaches the appellate court."

*Id.* at 40 (quoting 26 Tex.Jur., Criminal Law, Section 4195, page 533); *see also Bonham,* 644 S.W.2d at 8 (appeal abated and trial court directed to make written findings as to admissibility of confession). To the extent that we have held otherwise, we disavow those opinions.