**Kerry Lane AGNEW, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1170–95.

Court of Criminal Appeals of Texas.

March 6, 1996.

Anthony D. Lyons, Dallas, for appellant.

Teresa Tolle, Assist. DA, Dallas, Robert A. Huttash, State's Atty., Austin, for the State.

KELLER, Judge, dissenting on Appellant's Motion for Rehearing after Petition for Discretionary Review Refused *

Appellant contends in his motion for rehearing, as he did in his petition for discretionary review, that the failure of the trial court to file findings of fact and conclusions of law is reversible error because Art. 38.22 § 6 is a mandatory statute to which a harm analysis does not apply. In his motion for rehearing, appellant relies in part upon *Green v. State,* 906 S.W.2d 937 (Tex.Crim. App.1995), which was handed down after appellant's petition had been filed.

Tex.R.App.P. 81(b)(2) requires an appellate court to reverse a judgment, upon a finding of error, unless the court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Since a trial court may make findings and conclusions after conviction and punishment, it is plain that the failure to do so does not affect conviction and punishment. A trial court's failure to comply with Art. 38.22 § 6 would thus always, under R. 81(b)(2), be harmless.

But, R. 81(b)(2) does not contain the only harmless error standard to be applied in criminal cases. A harmless error standard is also contained within R. 81(a), which provides:

> If the erroneous action or failure or refusal of the trial judge to act *shall prevent the proper presentation of a cause to the court of appeals,* and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the court of appeals shall proceed as if such erroneous action or failure to act had not occurred.

(Emphasis added). Because a trial court's failure to file written findings and conclusions might affect a court of appeal's ability to evaluate properly a voluntariness claim, an appeal should be abated if the failure to file such findings harmed the appellant under R. 81(a).

In order for harm to exist under R. 81(a), the error must prevent the proper presentation of a cause to the appellate court. Where the error is the failure to file findings of fact and conclusions of law, I would hold that the proper presentation of an appeal is prevented only where the appellant advances a substantive point of error to which the findings would relate. Thus, an appellant is harmed by a trial court's failure to file written findings pursuant to Art. 38.22 § 6 only if he also advances a point of error alleging evidence to be inadmissible on grounds that would be addressed by the requested findings.

This reasoning is consistent with the holding in *Green.* The appellant in *Green* advanced points of error relating to the admissibility of his statements under Art. 38.22.

In the present case, however, appellant did not challenge, before the court of appeals, the trial court's ruling on his motion to suppress. His only claim was that the failure to comply with Art. 38.22 § 6 is automatic reversible error. In his motion for rehearing he says, in fact, that "the appellate record appears to support a conclusion that the confession was totally voluntary." Under these circumstances, I would hold that appellant was not harmed under R. 81(a). On this basis, I would deny appellant's motion for rehearing.

McCORMICK, P.J., and MEYERS and MANSFIELD, JJ., join.

---

* Editor's Note: The majority per curiam opinion  was not designated for publication.