NO. 12-01-00157-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES THOMAS WELDON,
§
 APPEAL FROM THE 188TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 GREGG COUNTY, TEXAS

 

 James Thomas Weldon ("Appellant") appeals his conviction of murder, for which he was
sentenced to imprisonment for twenty-five years. Appellant raises four issues on appeal. We abate
the appeal and remand the case to the trial court based upon our disposition of Appellant's first issue.


Background

 Appellant was convicted of the murder of Rocky Holder. The State of Texas (the "State")
sought to admit Appellant's written statement obtained following Appellant's arrest. Appellant filed
a motion to suppress his written statement contending that it was not made voluntarily and a hearing
was conducted on the matter. At the conclusion of the hearing on Appellant's motion, the trial court
took the matter under advisement. A docket sheet entry on December 4, 2000, noted that
Appellant's motion to suppress was overruled.


Findings of Fact Pursuant to Texas Code of 

Criminal Procedure Article 38.22 Section 6

 In his first issue, Appellant argues that the trial court erred in failing to make findings of fact
regarding its conclusion that Appellant's written statement was voluntary. "In all cases where a
question is raised as to the voluntariness of a statement of an accused, the court must make an
independent finding in the absence of the jury as to whether the statement was made under voluntary
conditions." Tex. Code. Crim. Proc. Ann. art. 38.22 § 6 (Vernon 1979). If the statement has been
found to have been voluntarily made and held admissible as a matter of law and fact by the court in
a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether
or not the statement was voluntarily made, along with the specific finding of facts upon which the
conclusion was based, which order shall be filed among the papers of the cause. Id. 

 In the case at hand, the parties agree that such specific findings of fact were not made by the
trial judge and that the case should be abated and remanded to the trial court to permit the trial judge
to make such findings of fact. See Green v. State, 906 S.W.2d 937, 938-39 (Tex. Crim. App. 1995).
We agree. Appellant's first issue is sustained and we do not yet reach Appellant's remaining issues.

 Accordingly, this appeal is abated and the cause remanded to the trial court with instructions
that the trial court make and file written findings of fact in accordance with Texas Code of Criminal
Procedure article 38.22, section 6.


 SAM GRIFFITH 

 Justice




Opinion delivered July 10, 2002.

Panel consisted of Gohmert, C.J., Worthen, J., and Griffith, J.










(DO NOT PUBLISH)