IN THE COURT OF CRIMINAL APPEALS


OF TEXAS





NO. 45,219-02
 




 EX PARTE DOMINIQUE JEROME GREEN, Applicant



 


MOTION FOR EXTRAORDINARY RELIEF


 FROM HARRIS COUNTY 




Per Curiam. Womack, J., filed a statement respecting the dismissal of the motion; Price, J.,

filed a statement dissenting to the dismissal of the Motion for Extraordinary Relief.


O R D E R



 A Harris County jury convicted Applicant of the offense of capital murder, answered the
special issues submitted pursuant to Texas Code of Criminal Procedure, Article 37.071, and the
trial court, accordingly, set punishment at death. This Court first abated the appeal, Green v. State,
906 S.W.2d 937 (Tex.Crim.App. 1995), and then affirmed the conviction and sentence on direct
appeal. Green v. State, 934 S.W.2d 92 (Tex.Crim.App. 1996). Applicant filed a post-conviction
application for writ of habeas corpus in the convicting court on August 29, 1997. This Court
subsequently denied relief on May 31, 2000. Ex parte Green, No. 45, 219-01 (Tex.Crim.App.
May 31, 2000) (not published).




 Green -2-

 Applicant has filed a document entitled "Motion for Extraordinary Relief" and asserts that this
Court should vacate the order of the trial court setting the date of execution due to problems associated
with the Houston Police Department Crime Lab and to order discovery of all of the uncataloged
evidence in the possession of the Houston Police Department. We have reviewed the motion and find
it without merit. 

 During appeal in this case, applicant did not challenge the sufficiency of the evidence to support
his conviction. He confessed to having participated in this robbery-murder, though he claimed not to be
the shooter. Several of his accomplices testified against him at trial to his leadership role in a crime
spree of robberies that culminated in the present capital murder. In his present motion, applicant
asserts that because a Houston Police Department firearms analyst testified at his trial that the Tech-9
semi-automatic weapon found in the robbers' getaway car was the murder weapon used in this case,
his execution should be stayed because, according to newspaper articles that he quotes, the Houston
Crime Lab has experienced serious accuracy and quality control problems in other cases and other
scientific areas. 

 Applicant has failed to invoke the jurisdiction of this Court. He cites no statutory or
constitutional provision which allows for this Court to entertain or grant relief on an original motion
outside of the Tex. Code Crim. Proc. art. 11.071 context or some other statutory or constitutional
authority. He cites no precedent that would give this Court authority to stay an execution merely by the
filing of a motion. This Court may grant a stay of execution only to otherwise preserve its jurisdiction
over a pending matter that is properly filed and which does invoke this Court's jurisdiction.



 Green -3-

 For these reasons, we DISMISS applicant's "Motion for Extraordinary Relief" for want of
jurisdiction.

 IT IS SO ORDERED THIS THE 21ST DAY OF OCTOBER, 2004.

Do Not Publish