NO. 07-04-0492-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 10, 2005

______________________________

CALIP JOSEPH FARMER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 15,792-C; HONORABLE PATRICK PIRTLE, JUDGE

_______________________________

Before QUINN and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND

Appellant Calip Joseph Farmer appeals his conviction for the felony offense of burglary of a habitation and punishment of twenty-five years confinement.  The clerk’s record and reporter’s record have been filed and appellant timely filed his brief on February 7, 2005.  The State has filed a motion seeking abatement and remand to permit the trial court to make orders it asserts are necessary to resolution of the appeal. 

The record shows appellant filed a written pretrial motion to suppress oral and written statements he made to police.  That motion alleged the statements were involuntary, specifically citing article 38.22 of the Code of Criminal Procedure.  
See
 Tex. Code  Crim. Proc. Ann. art. 38.22 (Vernon Supp. 2004).  The trial court conducted a hearing on the motion at which both parties presented evidence.  At the conclusion of that hearing the court determined appellant’s written statement was given voluntarily.  It found the oral statement was admissible under article 38.22, § 3(c), exempting certain oral statements from the requirement they be electronically recorded.  The record does not contain a written order on the voluntariness of appellant’s statements.  Appellant has not objected to the absence of a written order.

Prior to filing its brief, the State has  filed a motion seeking abatement of this appeal and remand to the trial court, reinstating jurisdiction in that court so it may render and file the written order containing the findings and conclusions required by article 38.22, § 6.  It also seeks abatement to permit the trial court to certify appellant’s right to appeal as required by Rule of Appellate Procedure 25.2(d).  The State cites 
Green v. State
, 906 S.W.2d 937 (Tex.Crim.App. 1995), for the proposition that abatement is necessary to allow the trial court to make the required findings and conclusions.

In 
Green
 the Court of Criminal Appeals held the order required by article 38.22,  § 6,  is mandatory regardless whether the defendant objects.  
Id.
 at 939.  It also found an order made after the trial court lost jurisdiction over the case was void.  
Id.
 at 940.
(footnote: 1)  Appellant has raised no objection to the relief sought by the State.  

We grant the State’s motion, abate this appeal and remand the case to the trial court.  The trial court is directed to consider and make those orders it finds proper.  Any order shall be filed in such time that a supplemental clerk’s record may be filed in this court within thirty days of this order.  On the filing of a supplemental clerk’s record the appellate record will be complete.  Appellant may file a substitute or supplemental brief within thirty days of that date.  Tex. R. App. P. 38.6(a).  The State’s brief shall be due within sixty days from the filing of the supplemental clerk’s record. 

Per Curiam

Do not publish.  

 

FOOTNOTES
1:
The continued vitality of 
Green
 may be uncertain.  
Urias v. State
, No. PD-0335-03, 2005 Tex. Crim. App. Lexis 251 (Tex.Crim.App. February 16, 2005) (Keller, P.J., dissenting from denial of motion for rehearing).