NO. 07-04-0492-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 10, 2005



______________________________




CALIP JOSEPH FARMER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 15,792-C; HONORABLE PATRICK PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ORDER ON ABATEMENT AND REMAND


 Appellant Calip Joseph Farmer appeals his conviction for the felony offense of
burglary of a habitation and punishment of twenty-five years confinement. The clerk's
record and reporter's record have been filed and appellant timely filed his brief on February
7, 2005. The State has filed a motion seeking abatement and remand to permit the trial
court to make orders it asserts are necessary to resolution of the appeal. 

 The record shows appellant filed a written pretrial motion to suppress oral and
written statements he made to police. That motion alleged the statements were
involuntary, specifically citing article 38.22 of the Code of Criminal Procedure. See Tex.
Code Crim. Proc. Ann. art. 38.22 (Vernon Supp. 2004). The trial court conducted a
hearing on the motion at which both parties presented evidence. At the conclusion of that
hearing the court determined appellant's written statement was given voluntarily. It found
the oral statement was admissible under article 38.22, § 3(c), exempting certain oral
statements from the requirement they be electronically recorded. The record does not
contain a written order on the voluntariness of appellant's statements. Appellant has not
objected to the absence of a written order.

 Prior to filing its brief, the State has filed a motion seeking abatement of this appeal
and remand to the trial court, reinstating jurisdiction in that court so it may render and file
the written order containing the findings and conclusions required by article 38.22, § 6. It
also seeks abatement to permit the trial court to certify appellant's right to appeal as
required by Rule of Appellate Procedure 25.2(d). The State cites Green v. State, 906
S.W.2d 937 (Tex.Crim.App. 1995), for the proposition that abatement is necessary to allow
the trial court to make the required findings and conclusions.

 In Green the Court of Criminal Appeals held the order required by article 38.22,  § 6, 
is mandatory regardless whether the defendant objects. Id. at 939. It also found an order
made after the trial court lost jurisdiction over the case was void. Id. at 940. (1) Appellant has
raised no objection to the relief sought by the State. 

 We grant the State's motion, abate this appeal and remand the case to the trial
court. The trial court is directed to consider and make those orders it finds proper. Any
order shall be filed in such time that a supplemental clerk's record may be filed in this court
within thirty days of this order. On the filing of a supplemental clerk's record the appellate
record will be complete. Appellant may file a substitute or supplemental brief within thirty
days of that date. Tex. R. App. P. 38.6(a). The State's brief shall be due within sixty days
from the filing of the supplemental clerk's record. 


 Per Curiam

Do not publish. 



 
1. The continued vitality of Green may be uncertain. Urias v. State, No. PD-0335-03,
2005 Tex. Crim. App. Lexis 251 (Tex.Crim.App. February 16, 2005) (Keller, P.J., dissenting
from denial of motion for rehearing).



 UnhideWhenUsed="false" QFormat="true" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0262-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

JANUARY 7, 2010

______________________________

 

BRET ALAN AVERY, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

_________________________________

 

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

 

NO. 19996-C; HONORABLE ANA ESTEVEZ, JUDGE

_______________________________

 

 

Before QUINN, C.J., and CAMPBELL and
HANCOCK, JJ.

ON ABATEMENT AND REMAND

            Appellant, Bret Alan Avery, appeals
from his conviction for possession of a controlled substance in a drug-free
zone and sentence, pronounced on July 23, 2009, of 17 years incarceration in
the Texas Department of Criminal Justice, Institutional Division.  Appellant filed notice of appeal on August 3,
2009.  

            The clerks record was filed on
September 24, 2009.  The reporters
record was due on October 26, 2009.  The
reporter neither filed the record nor requested an extension of time to file
the record by that date.  On November 13,
2009, the reporter requested an extension of time to file the record and
indicated that the record was being edited at that time.  The Court granted this extension request,
making the reporters record due on December 7, 2009.  On December 8, 2009, the reporter again filed
a request for extension of time to file the record indicating that she was
having a difficult time editing the record due to the sound I am proofing with
as well as the way the attorneys presented their cases.  The Court granted this extension request,
making the reporters record due on December 28, 2009.  On December 29, 2009, the reporter filed a
third request for extension of time to file the record indicating only that I
am completing this record.  Please give
me 30 more days.  According to the
reporters monthly report, this record is being proofread.  There is no explanation provided as to why the
reporter needs 30 days to proofread the record in this case.  As such, we deny the reporters third request
for extension of time to file the reporters record as not being supported by
good cause.

            Accordingly, we abate this appeal
and remand the cause to the trial court for further proceedings.  See Tex.
R. App. P. 35.3(c).  Upon remand,
the trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine whether the reporters caseload is
such that an alternate or substitute reporter should or can be appointed to
complete the record in this appeal in a timely manner.  If so, the trial court is directed to take
whatever steps are necessary to ensure that the reporters record in this
appeal is filed as soon as practicable.

            The trial court shall cause the
hearing to be transcribed.  In addition,
the trial court shall (1) execute findings of fact and conclusions of law
addressing the foregoing issues, (2) cause a supplemental clerks record to be
developed containing its findings of fact and conclusions of law and any orders
it may issue relating to this matter, and (3) cause a reporters record to be
developed transcribing the evidence and arguments presented at the
aforementioned hearing, if any.  The trial
court shall then file the supplemental clerks record and any reporters record
transcribing the hearing with the Clerk of this Court on or before February 8,
2010.  Should further time be needed by
the trial court to perform these tasks, same must be requested before February
8, 2010.

            It is so ordered.

                                                                        Per
Curiam

 

Do
not publish.