# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

ON REMAND

NO. 03-06-00496-CR

**Adam Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NO. D-1-DC-05-302121, HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Adam Anderson appeals his conviction for aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2007).  In his only point of error, he complains that the trial court failed to make the statutorily required findings of fact and conclusions of law regarding the voluntariness of his statement to the police.  *See* Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005).  We overruled this point on original submission, noting that the evidence showed that appellant was not in custody when the statement was made and citing court of appeals authority holding that section 6 applies only to statements made during custodial interrogation. *Anderson v. State*, No. 03-06-00496-CR (Tex. App.—Austin July 13, 2007) (mem. op.,

not designated for publication). In so doing, we overlooked the court of criminal appeals's holding in *State v. Terrazas* (not cited by either party on original submission) that article 38.22, section 6 applies to all cases in which a question is raised as to the voluntariness of a statement by the accused, whether or not the statement was made while the accused was in custody. 4 S.W.3d 720, 727 (Tex. Crim. App. 1999). The court of criminal appeals granted appellant's petition for discretionary review, vacated our judgment, and remanded the case to us for further proceedings. *Anderson v. State*, No. PD-1213-07 (Tex. Crim. App. Nov. 7, 2007) (not designated for publication).

Appellant filed two motions challenging the admissibility of his statement to the police on the grounds that it was involuntary and taken in violation of article 38.22. Tex. Code Crim. Proc. Ann. art. 38.22. The trial court did not rule on the motions until after this bench trial had begun. After hearing the testimony of the lead investigator to whom the statement was made, the court announced that "the court finds that Mr. Anderson was not in custody when he gave his statement and that the statement was given freely and voluntarily."

The State argues that the trial court's statement quoted above satisfies the requirements of article 38.22, section 6. *See Murphy v. State*, 112 S.W.3d 592, 601 (Tex. Crim. App. 2003) (holding that trial court satisfies section 6 when it dictates its findings and conclusions to court reporter and they are made part of reporter's record). We disagree. The court merely stated its conclusion that the statement was voluntary. The court did not dictate into the record "the specific finding of facts upon which the conclusion was based." Tex. Code Crim. Proc. Ann. art. 38.22, § 6.

Alternatively, the State argues that the trial court's failure to comply with section 6 was harmless because appellant does not bring forward a point of error complaining of the admission

2

of his statement. The State cites an unpublished opinion as authority for this argument. *Bombasi v. State*, No. 01-95-00726-CR, 1996 Tex. App. LEXIS 4302, at *7 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Whatever the merits of the holding in *Bombasi*, appellant does assert that his statement was involuntary, albeit not in a separate point of error. We also note that the statement at issue in *Bombasi* was never admitted in evidence before the jury. *Id*. at *8.

Appellant's point of error is sustained. The appeal is abated, and the trial court is instructed to prepare and file written findings of fact and conclusions of law regarding the voluntariness of appellant's statement to the police. *See Green v. State*, 906 S.W.2d 937, 940 (Tex. Crim. App. 1995). A supplemental record containing these findings and conclusions shall be tendered for filing no later than thirty days following the date of this opinion. Appellant will thereafter have thirty days to file a supplemental brief raising points of error challenging the trial court's findings and conclusions, and the State will have the same amount of time to file a responsive brief.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Abated

Filed: January 18, 2008

Do Not Publish