**Affirmed and Memorandum Opinion on Remand filed May 15, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00674-CR

**SILVESTRE CORTEZ ROMERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 552984**

## MEMORANDUM OPINION ON REMAND

Appellant Silvestre Cortez Romero appeals his conviction for murder. On original submission, appellant argued that there was insufficient evidence in the record to support the court's costs of $243.50 reflected in the judgment. We agreed and modified the trial court's judgment to delete the specific amount of costs assessed. *Romero v. State*, 406 S.W.3d 695, 698–99 (Tex. App.—Houston [14th Dist.] 2013) *vacated and remanded*, No. PD-1001-13; 2014 WL 1464833 (Tex.

Crim. App. Apr. 16, 2014). The Court of Criminal Appeals vacated our judgment and remanded in light of its opinion in *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014).

We review the assessment of court costs on appeal to determine if there is a basis for the costs, not to determine whether there was sufficient evidence offered at trial to prove each cost. *Id.* at 390. Traditional sufficiency-of-the-evidence standards of review do not apply. *Id*.

After the appellate record was filed, a supplemental clerk's record was filed containing the JIMS report and a judgment nunc pro tunc, both of which reflected $1761.75 in assessed costs. Because the trial court lacked jurisdiction to sign the judgment nunc pro tunc after the appellate record was filed, we must disregard the judgment nunc pro tunc contained in the supplemental clerk's record. *See Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995). Instead, we review the original judgment signed by the trial court.

Generally, a bill of costs must (1) contain the items of cost, (2) be signed by the officer who charged the cost or the officer who is entitled to receive payment for the cost, and (3) be certified. *Id*. at 392–93; *see* Tex. Crim. Proc. Code Ann. arts. 103.001, 103.006. The record in this case contains a computer-screen printout of the Harris County Justice Information Management System (JIMS) "Cost Bill Assessment." In *Johnson*, the Court of Criminal Appeals held that a JIMS report constitutes an appropriate bill of costs because the report itemized the accrued court costs, was certified by the district clerk, and was signed by a deputy clerk. *Johnson*, 423 S.W.3d at 393. The JIMS report in this record is a compliant bill of costs because it contains an itemized list of costs, is certified by the district clerk, and is signed by a deputy district clerk. *See id.* at 392–93; *see also Perez v. State*, No. 14-12-00893-CR (Tex. App.—Houston [14th Dist.] April 22, 2014, no pet. h.)

2

(mem. op., not designated for publication).

The trial court assessed $243.50 in costs against appellant. The sum of the itemized costs in the JIMS report is $1761.75. There being no challenge to any specific cost or the basis for the assessment of such cost, the bill of costs, although listing a significantly higher amount, supports $243.50 of the costs assessed in the judgment. *Id*. at 396.

On remand, we affirm the trial court's judgment.


PER CURIAM


Panel consists of Justices Christopher, McCally, and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).