

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. AP-76,936

---

**TERENCE TRAMAINE ANDRUS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

### ON DIRECT APPEAL FROM CAUSE NO. 09-DCR-051034
### IN THE 240TH DISTRICT COURT
### FORT BEND COUNTY

---

YEARY, J., filed a concurring statement in which HERVEY and NEWELL, JJ., joined.

### CONCURRING STATEMENT

Today the Court in this capital murder appeal directs the trial court to prepare findings

of fact with respect to whether Appellant's statement to the police "was voluntarily made."

TEX. CODE CRIM. PROC. art. 38.22, § 6. The Court rightly regards such findings to be

mandatory, and Appellant does not have to object to their *absence* before we may order the

trial court to make them. *Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). But

we also recently held in a unanimous opinion "that the requirement for 38.22 findings applies

whenever there is a *challenge* to a statement's voluntariness." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (emphasis added). Thus, while an appellant does not have to object to the absence of Section 6 findings under Article 38.22 before this Court may order the trial court to make them, *id.*, unless "a question is raised" at the trial court level, there is no issue of "voluntariness" in the case and therefore nothing for the trial court to make findings *about*. *Cf. Oursbourn v. State*, 259 S.W.3d 159, 175 (Tex. Crim. App. 2008) ("The language 'where a *question* is raised' contrasts with the language found in Article 38.22, § 7 and Article 38.23 which speaks of the *evidence* raising an issue. Because raising a 'question' is what triggers the trial court's duty under Section 6 to conduct a hearing outside the presence of the jury, the only reasonable reading of this language is that a 'question is raised' when the trial judge is notified by a party or raises on his own an issue about the voluntariness of the confession.").

In the instant case, although Appellant seems to have raised a pure voluntariness challenge to the admissibility of his statement as *one* argument in *one* of his pre-trial motions to suppress, he did not develop that particular challenge during the evidentiary hearing, and he failed to obtain a ruling on that basis from the trial court. He essentially abandoned that challenge. Consequently, I would not order the trial court in this case to enter findings of fact with respect to *that* issue.

But the Court has not limited the Article 38.22, Section 6 requirement to issues of pure due process voluntariness. In recent years, the Court has also required Article 38.22, Section

findings when a "question is raised" with respect to police adherence to many of the prophylactic rules that are designed to ensure that statements are voluntarily obtained (the violation of which will trigger the exclusionary rule regardless of whether any resulting statement is actually involuntary for due process purposes). For example, in *Urias*, in which the defendant complained that his confession "was obtained in violation of his Fifth Amendment right to remain silent under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)[,]" we concluded that "[t]he proper procedure is that the trial judge be directed to make the required written findings of fact and conclusions of law." 155 S.W.3d at 142. And in *Vasquez*, a capital murder appeal, we remanded to the trial court to enter findings of fact on the issues of whether the defendant had received his *Miranda* warnings and, if he had, whether the police had utilized a two-step interrogation process to vitiate their efficacy in violation of *Missouri v. Seibert*, 542 U.S. 600 (2004). 411 S.W.3d at 920. Neither Urias nor Vasquez was required to establish that his confession was actually involuntary for due process purposes in order to prevail on their respective claims; even though a pure claim of involuntariness was not involved in either case, this Court nevertheless invoked Article 38.22, Section 6, to require the trial court to supply findings of fact where there were none in the record.[1]

---

[1]

*See also, e.g., Green v. State*, 934 S.W.2d 92, 96-101 (Tex. Crim. App. 1996) (having abated the appeal and remanded the cause for findings of fact from the trial court "regarding appellant's confession[,]" in *Green v. State*, 906 S.W.2d 937 (Tex. Crim. App. 1995), the Court went on to address those issues, including not only a pure voluntariness claim, but also, among other things, a

(continued...)

Consistent with these cases, I agree with the Court's decision today to require the trial court to enter findings of fact under Rule 34.5(c)(2) of the Texas Rules of Appellate Procedure.[2]  But I would limit the findings to the issues that were actually "raised" and resolved in the trial court, namely, whether Appellant's statement should have been suppressed because 1) the interrogating officers did not honor his purported invocation of his Fifth Amendment right to counsel and 2) the officers improperly continued to question him after he had invoked his Fifth Amendment right to silence by terminating the interview.[3]

FILED:      February 25, 2015
DO NOT PUBLISH

---

[1](...continued)
claim that the confession should have been suppressed because of a violation of the appellant's Fifth Amendment right to counsel during custodial interrogation, as explicated in *Edwards v. Arizona*, 451 U.S. 477 (1981)); *Wicker v. State*, 740 S.W.2d 779, 782 (Tex. Crim. App. 1987) (abatement for findings was appropriate in a case in which the appellant raised issues of both pure voluntariness and the failure to give *Miranda* warnings).

[2] The doctrine of *stare decisis* requires us, at the very least, to "keep in mind the strong preference for adhering to past decisions[.]" *Ex parte Lewis*, 219 S.W.3d 335, 338 (Tex. Crim. App. 2007).

[3] These are the only two issues that the parties argued to the trial court at the conclusion of the evidentiary hearing and the only two issues upon which the trial court explicitly ruled.  Appellant did not object to the trial court's failure to rule on any other issue he contended was raised by his motions to suppress.