# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00153-CR

**The State of Texas, Appellant**

**v.**

**Frances Anita Robinson, Appellee**

**FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2013-267, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING**

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellee Frances Anita Robinson filed a motion to suppress evidence in the above cause, which the district court granted following a hearing. The State subsequently filed a notice of appeal, along with a request for findings of fact and conclusions of law. However, before any such findings were filed, the trial record was filed in this Court. Accordingly, the record contains no findings of fact and conclusions of law. The State has now filed a motion to abate the appeal and remand the cause to the district court for entry of its findings of facts and conclusions of law.[1]

---

[1] According to the State, the district court attempted to file findings of fact and conclusions of law on April 17, 2015, after the trial record had been filed in this Court. The Court of Criminal Appeals has held that once the trial record has been filed with the appellate court, "the trial court no longer has jurisdiction to adjudicate the case." *Green v. State*, 906 S.W.2d 937, 939-40 (Tex. Crim. App. 1995). After the trial court has lost jurisdiction, any findings of fact and conclusions of law that it attempts to file are "null and void." *Id*. Consequently, when the trial court is required to file findings but has lost jurisdiction to do so, "[t]he proper way to revive the trial court's authority to take action is by abatement." *Id*. at 940 n.4.

The Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the high court defined as "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts."[2] These findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings,"[3] including "explicit credibility determination[s]" regarding the witnesses who testified at the suppression hearing.[4] When the record contains no such findings, we are required to abate the appeal and remand the cause to the trial court for entry of its "essential findings."[5]

Accordingly, we grant the State's motion. We abate the appeal and remand the cause to the district court for entry of its findings of fact and conclusions of law. A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court no later than July 20, 2015. This appeal will be reinstated once the supplemental clerk's record is filed.[6]

---

[2] *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

[3] *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011).

[4] *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012).

[5] *See Elias*, 339 S.W.3d at 676-77; *Cullen*, 195 S.W.3d at 698-700; *see also* Tex. R. App. P. 44.4(a).

[6] The State has also filed a motion for extension of time to files its brief, requesting an extension of 30 days from the date the appeal is reinstated in this Court. We grant the State's motion.

It is ordered on June 18, 2015.


Before Justices Puryear, Pemberton, and Bourland

Abated and Remanded

Filed:   June 18, 2015

Do Not Publish

3