# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-17-00333-CR
### NO. 03-17-00334-CR

**The State of Texas, Appellant**

**v.**

**Brandom Garrett, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY,
NOS. 2015CR1742 & 2015CR1738,
HONORABLE CHARLES A. STEPHENS, II, JUDGE PRESIDING**

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

In each of the above causes, the State of Texas has filed a notice of appeal from the trial court's order granting Brandom Garrett's motion to suppress evidence. Prior to filing its notice of appeal, the State filed with the trial court a request for findings of fact and conclusions of law. The State subsequently filed with the trial court a supplemental request for findings of fact and conclusions of law, a motion for reconsideration, and a notice of past due findings of fact and conclusions of law. Before the trial court took any action on the State's requests, the clerk's and reporter's records were filed in this Court.

"[O]nce the trial record has been filed with [this Court], the trial court no longer has jurisdiction to adjudicate the case."[1]  After the trial court has lost jurisdiction, any findings of fact and conclusions of law that it attempts to make are "null and void."[2]  Consequently, when the trial court is required to make findings of fact but has lost jurisdiction to do so, "[t]he proper way to revive the trial court's authority to take action is by abatement."[3]  The State has thus filed in each cause a motion to abate the appeal and remand the cause to the trial court so that the trial court can state its "essential" findings of fact and conclusions of law on the motion to suppress, as the trial court is required to do when requested by the losing party.[4]

We grant the State's motion in each cause.  We abate the appeals and remand the causes to the trial court so that it can make its findings of fact and conclusions of law.  A supplemental clerk's record that includes the findings of fact and conclusions of law shall be filed with this Court no later than August 14, 2017.  These appeals will be reinstated once the supplemental clerk's record is filed.[5]

---

[1] *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995); *Smith v. State*, 439 S.W.3d 451, 460 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also State v. Robinson*, No. 03-15-00153-CR, 2015 Tex. App. LEXIS 6134, at *1-2 & n.1 (Tex. App.—Austin Jun. 18, 2015) (per curiam order) (mem. op., not designated for publication).

[2] *Green*, 906 S.W.2d at 939-40.

[3] *Id*. at 940 n.4; *see also* Tex. R. App. P. 44.4.

[4] *See State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012); *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

[5] In its motion, the State has also requested an extension of its briefing deadline until 30 days after the date the appeals are reinstated in this Court.  We grant the State's request.

Before Chief Justice Rose, Justices Pemberton and Goodwin

Abated and Remanded

Filed: July 14, 2017

Do Not Publish