# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-18-00531-CR

**The State of Texas, Appellant**

**v.**

**Jeffrey Don Grays, Appellee**

---

### FROM THE COUNTY AT LAW NO. 1 OF COMAL COUNTY
### NO. 2017CR1315, HONORABLE RANDAL C. GRAY, JUDGE PRESIDING

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas has filed a notice of appeal from the trial court's order granting Jeffrey Don Grays's motion to suppress evidence. Before filing its notice of appeal, the State filed a request for the trial court's entry of findings of fact and conclusions of law. The State subsequently filed a notice of past due findings of fact and conclusions of law. No findings or conclusions were filed before the filing of the clerk's record and the reporter's record with this Court.[1]

---

[1] Although the trial court signed findings and conclusions on August 27, 2018, which have been forwarded here in a supplemental record, we may not consider these because the date of signature was after the filing of the record in this appeal, which vested jurisdiction in this Court. *See Green v. State*, 906 S.W.2d 937, 940 (Tex. Crim. App. 1995) (noting that trial court's findings entered after filing of trial record were "null and void" because once trial record was filed "the trial court no longer ha[d] jurisdiction to adjudicate the case"); *see also Berry v. State*, 995 S.W.2d 699, 701 (Tex. Crim. App. 1999) (concluding that trial court's supplemental findings made after receipt of trial record were "null and void, and should not have been considered by the court of appeals").

A trial court must state its essential findings upon the request of the losing party on a motion to suppress. *State of Tex. v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013). "Essential findings" are the "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id*. When, as here, a trial court is required to make findings of fact but has lost jurisdiction to do so, the trial court's authority to take action may be revived by abatement. *Green v. State*, 906 S.W.2d 937, 940 n. 4 (Tex. Crim. App. 1995); *see* Tex. R. App. P. 25.2(g) (stating that, unless otherwise provided by law or appellate rules, further proceedings in trial court are suspended once record has been filed in appellate court).

Accordingly, we abate the appeal and remand this cause to the trial court for its entry of findings of fact and conclusions of law. A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court no later than October 1, 2018. The appeal will be reinstated once the supplemental clerk's record is filed.

It is ordered September 11, 2018.


Before Chief Justice Rose, Justices Pemberton and Field

Abated and Remanded

Filed:   September 11, 2018

Do Not Publish