# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00133-CR

---

**The State of Texas, Appellant**

**v.**

**Samuel Martinez, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
NO. 2018CR1273, THE HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State appeals from the trial court's order granting Martinez's motion to suppress. After the State filed its notice of appeal and after the clerk's record had been filed in this Court, the State filed in the trial court a request for findings of fact and conclusions of law explaining the trial court's grounds for granting the motion to suppress. It subsequently filed in this Court a motion to abate and remand the cause to the trial court for entry of findings of fact and conclusions of law. The State also requests that we grant the trial court the ability to reopen the evidence to allow consideration of additional evidence.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court

with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). When the trial court fails to make such findings and conclusions, we are required to abate the appeal and remand the cause to the trial court for entry of its "essential findings." *State v. Elias*, 339 S.W.3d 667, 677 (Tex. Crim. App. 2011). Although a supplemental clerk's record has been filed containing findings of fact and conclusions of law signed by the trial court, the findings of fact and conclusions of law are not dated and thus it is unclear when the trial court signed them and whether they were signed while the trial court had jurisdiction over the cause. *See* Tex. R. App. P. 25.2(g); *see also Green v. State*, 906 S.W.2d 937, 939-40 (Tex. Crim. App. 1995) (holding that trial court lost jurisdiction to adjudicate case once trial record was filed with court of appeals and thus written order setting forth findings of fact and law entered a year later was null and void).

Accordingly, we grant in part the State's motion. We abate the appeal and remand the cause to the trial court solely for entry of its findings of fact and conclusions of law based on the previously admitted evidence. We deny the State's request that we allow the trial court to reopen the evidence. A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court no later than June 21, 2019. This appeal will be reinstated once the supplemental clerk's record is filed.

It is so ordered May 22, 2019.


Before Chief Justice Rose, Justices Kelly and Smith

Abated and Remanded

Filed: May 22, 2019

Do Not Publish