# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00824-CR

---

**The State of Texas, Appellant**

**v.**

**Ronald W. McMahan, Jr., Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY
NO. 2019CR0511, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas has filed a notice of appeal from the district court's order granting Ronald W. McMahan's motion to suppress evidence. Before filing its notice of appeal, the State filed a request for the district court to make findings of fact and conclusions of law. No findings or conclusions were made before the clerk's record and the reporter's record were filed with this Court. The State has now filed a motion to abate and remand the cause to the district court for entry of findings of fact and conclusions of law. The State also requests that we grant the district court the ability to reconsider its ruling on the motion to suppress.

The Texas Court of Criminal Appeals has held that "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," which the court defined as "findings of fact and conclusions of law adequate to provide an appellate court

with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). When the trial court fails to make such findings and conclusions, we are required to abate the appeal and remand the cause to the trial court for entry of its "essential findings." *State v. Elias*, 339 S.W.3d 667, 677 (Tex. Crim. App. 2011); *see also Green v. State*, 906 S.W.2d 937, 939–40 & n.4 (Tex. Crim. App. 1995) (holding that when trial record has been filed with appellate court, "the trial court no longer has jurisdiction to adjudicate the case" and that "[t]he proper way to revive the trial court's authority to take action is by abatement").

Accordingly, we grant in part the State's motion. We abate the appeal and remand the cause to the district court solely for entry of its findings of fact and conclusions of law. We deny the State's request that we allow the district court to reconsider its ruling. A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court no later than January 20, 2020. This appeal will be reinstated once the supplemental clerk's record is filed.

It is so ordered December 20, 2019.


Before Chief Justice Rose, Justices Triana and Smith

Abated and Remanded

Filed:   December 20, 2019

Do Not Publish

2