**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        The State of Texas v. Khalil Vinson

Appellate case number:      01-22-00747-CR

Trial court case number:    2387805

Trial court:                County Criminal Court at Law No. 15 of Harris County

Appellant, the State of Texas, appealed from the trial court's September 23, 2022 order granting the motion to suppress of appellee, Khalil Vinson. On September 30, 2022, the State filed a request for the trial court to enter written findings of fact and conclusions of law as required by the Texas Court of Criminal Appeals. *See State v. Cullen*, 195 S.W.3d 696, 698 (Tex. Crim. App. 2006) (concluding that trial court is "require[d] . . . to enter findings of fact and conclusions of law when ruling on a motion to suppress"). Prior to the trial court entering the requested findings and conclusions, the State filed a notice of appeal from the trial court's September 23, 2022 order. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (permitting State to appeal from order granting motion to suppress), (d) (requiring State file notice of appeal within twenty days of date of order); *see also* TEX. R. APP. P. 26.2(b) (requiring State to file notice of appeal within twenty days of date or order).

The State has filed a motion to abate the appeal to allow the trial court to enter the requested findings and conclusions. The State's motion notes that the reporter's record was filed with the Clerk of this Court on November 8, 2022, and the clerk's record was filed with the Clerk of this Court on November 14, 2022. At the time the appellate record was completed, the requested findings and conclusions had not been entered by the trial court. However, once the appellate record was completed, the trial court lost jurisdiction to enter the requested findings and conclusions. *See Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1996) ("[O]nce the trial record has been filed with the Court of Appeals or [the Court of Criminal Appeals], the trial court no longer has jurisdiction to adjudicate the case.").

Because the trial court is required to enter the requested findings and conclusions but lacks the jurisdiction to do so because the appellate record has been completed, the proper procedural mechanism is to abate the appeal and remand for the trial court to enter the requested findings and conclusions. *See* TEX. R. APP. P. 44.4; *see also Cullen*, 195 S.W.3d 698–99 (concluding that "upon request of the losing party on a motion to suppress

evidence, the trial court shall state its essential findings," and where trial court fails to do so, Texas Rule of Appellate Procedure 44.4 "authorizes the court of appeals to remand the case to the trial court so that the court of appeals is not forced to infer facts from an unexplained ruling"). Accordingly, the State's motion is **granted**, and the appeal is **abated**.

The Clerk of this Court is directed to remove the appeal from the Court's active docket. Further, the trial court is directed to enter findings of fact and conclusions of law **within twenty days of the date of this order**. The trial court clerk is directed to file a supplemental clerk's record including the trial court's written findings of fact and conclusions of law **within thirty days of the date of this order**. The appeal will be reinstated on the Court's active docket when the supplemental clerk's record is filed by the trial court clerk, or on a motion of the parties.

It is so **ORDERED**.


Judge's signature:   /s/ Amparo Guerra
                    ☑Acting individually

Date:  December 13, 2022