# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-22-00742-CR

**The State of Texas, Appellant**

**v.**

**Brandon James Cielencki, Appellee**

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY,
### NO. CR2017-097, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State has appealed from the trial court's order granting Brandon James Cielencki's motion to suppress.  After filing a notice of appeal in this Court, the State filed in the trial court a request for findings of fact and conclusions of law on November 21, 2022.  The clerk's record and reporter's record were filed in this Court before the trial court filed any findings or conclusions.  The State moves to abate and remand the cause to the trial court for entry of findings of fact and conclusions of law.  The State asserts that in an abundance of caution it filed a notice of past due findings and conclusions in the trial court.

The State contends that the filing of the appellate record deprived the trial court of jurisdiction to make findings and conclusions.  *See* Tex. R. App. P. 25.2(g) ("Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-

court mandate"). In addition to abatement and remand, the State requests that the parties have the opportunity to object and request additional findings and conclusions as necessary and the trial court have the opportunity to reconsider its decision on the motion to suppress in light of its findings and conclusions.

Cielencki responds that abatement and remand is unnecessary because the trial court timely filed its findings and conclusions on December 22, 2022. He contends that the rules for the timely filing of findings and conclusion provide the exception to the general rule that the filing of the appellate record deprives the trial court of jurisdiction. *See* Tex. R. App. P. 25.2(g). The Texas Rules of Civil Procedure have guided the time periods for filing findings and conclusions. *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006) (citing Tex. R. Civ. P. 297). Cielencki asserts that the trial court retained jurisdiction because it was obligated by rule to make findings and conclusions, and it made them within the extended period triggered by the State's timely notice of past-due findings and conclusions. *See* Tex. R. Civ. P. 297.

The Court of Criminal Appeals has held, however, that when the trial record has been filed with the court of appeals the trial court loses jurisdiction to make findings and conclusions. *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) (interpreting former Tex. R. App. P. 40(b)(2) ("In the appeal of a criminal case when the record has been filed in the appellate court all further proceedings in the trial court, except as provided by law or by these rules, shall be suspended and arrested until the mandate of the appellate court is received by the trial court")). If the trial court has lost jurisdiction because the record has been filed in the court of appeals but findings and conclusion have been requested timely, the proper way to revive the trial court's jurisdiction is to abate and remand the cause. *Id.* at 939-40 & n.4; *See also State v. Minatra*, No. 03-20-00160-CR, 2020 WL 1932909, at *1 (Tex. App.—Austin Apr. 21, 2020,

2

order). Findings and conclusions made by the trial court after the record was filed in the court of appeals are null and void if made before abatement and remand to the trial court. *Berry v. State*, 995 S.W.2d 699, 701 (Tex. Crim. App. 1999); *see also State v. Garrett*, No. 03-17-00333-CR, 2017 WL 3044379, at *1 (Tex. App.—Austin July 14, 2017, order).

The trial court had no jurisdiction to make findings and conclusions after the appellate record was filed in this Court on December 15, 2022.

We grant in part the State's motion. We abate the appeal and remand the cause to the trial court to make findings of fact and conclusions of law based on previously admitted evidence. We otherwise overrule the motion. A supplemental clerk's record containing the findings of fact and conclusions of law made while the trial court has jurisdiction shall be filed with this Court no later than February 7, 2023. This appeal will be reinstated once the supplemental clerk's record is filed.

Ordered January 6, 2023.


Before Chief Justice Byrne, Justices Triana and Theofanis

Abated and Remanded

Do Not Publish