# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00097-CR

---

**The State of Texas, Appellant**

**v.**

**Kenneth Earl Norris, Appellee**

---

**FROM THE COMAL COURT AT LAW NO. 3 OF COMAL COUNTY
NO. 2022CR0317, THE HONORABLE DEBORAH WIGINGTON, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas has filed a notice of appeal from the trial court's order granting Kenneth Earl Norris's motion to suppress evidence. The State timely filed a request for the trial court to make findings of fact and conclusions of law. No findings or conclusions were made before the clerk's record and the reporter's record were filed with this Court. The State has now filed a motion to abate and remand the cause to the trial court for entry of findings of fact and conclusions of law.

Findings of fact and conclusions of law "ensure that reviewing courts need not presume, assume, or guess at what historical facts a trial judge actually found when making a ruling in a motion to suppress hearing." *State v. Mendoza*, 365 S.W.3d 666, 671 (Tex. Crim. App. 2012). Therefore, "upon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings," i.e., "findings of fact and conclusions of law

adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006). The findings must be "adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings." *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011). When the trial court fails to make such findings and conclusions, we are required to abate the appeal and remand the cause to the trial court for entry of its "essential findings." *State v. Elias*, 339 S.W.3d 667, 677 (Tex. Crim. App. 2011); *see also Green v. State*, 906 S.W.2d 937, 939–40 & n.4 (Tex. Crim. App. 1995) (holding that when appellate record has been filed with appellate court, "the trial court no longer has jurisdiction to adjudicate the case" and that "[t]he proper way to revive the trial court's authority to take action is by abatement").

Accordingly, we grant the State's motion. We abate the appeal and remand the cause to the district court for entry of its essential findings of fact and conclusions of law. A supplemental clerk's record containing the findings of fact and conclusions of law shall be filed with this Court no later than April 26, 2024. This appeal will be reinstated once the supplemental clerk's record is filed.

Before Chief Justice Byrne, Justices Triana and Kelly

Filed: March 27, 2024

Do Not Publish