

# NUMBER 13-20-00317-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ROY NANEZ JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Hinojosa, Perkes, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Relator Roy Nanez Jr., proceeding pro se, filed a petition for writ of mandamus in this cause through which he (1) contends that the trial court issued a May 17, 2018 judgment nunc pro tunc "beyond its jurisdiction" and (2) requests that we direct the trial court to honor the mandate issued by this Court in our appellate cause number 13-17-00646-CR. *See Nanez v. State*, No. 13-17-00646-CR, 2019 WL 961681, at *1 (Tex. App.—Corpus Christi–Edinburg Feb. 28, 2019, no pet.) (mem. op., not designated for publication) (reversing and rendering a judgment of acquittal as to count two for

aggravated assault and affirming as modified as to count one for aggravated assault with a deadly weapon). Real party in interest the State concedes that the trial court's judgment nunc pro tunc is void and requests that we grant relief to relator. Because the trial court had no jurisdiction to enter the judgment nunc pro tunc, we conditionally grant mandamus relief and order the trial court to vacate its May 17, 2018 judgment nunc pro tunc.[1]

## I. BACKGROUND

After being convicted of aggravated assault with a deadly weapon (count one), aggravated assault (count two), and unlawful restraint of someone less than seventeen years of age (count four), *see* TEX. PENAL CODE ANN. §§ 20.02(2), 22.02(a)(1), 22.02(a)(2), relator filed a notice of appeal in this Court on November 21, 2017. The clerk's record was filed on January 5, 2018, and the reporter's record was filed on February 16, 2018. During the pendency of the appeal, the State filed a motion for nunc pro tunc judgment in the trial court requesting for the trial court to add an affirmative deadly weapon finding to counts one and two based on the jury's verdict.[2] *See Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009) (explaining that a jury verdict's reference to the indictment constituted a finding that the deadly weapon allegation was

---

[1] This original proceeding arises from trial court cause number 17-05-30005-A filed in the 24th Judicial District Court of Victoria County, Texas. The respondent in this original proceeding is the Honorable J. Skipper Koetter.

[2] In the trial court, the jury was not asked to determine whether the alleged weapons used by relator were in fact deadly weapons. However, the jury was asked to find relator guilty of aggravated assault with a deadly weapon as charged in the indictment, and the indictment alleged that relator committed the offense of aggravated assault by intentionally or knowingly causing "bodily injury to [victim] by making contact with the said [victim] with a hand, foot, boot or broomstick, and the defendant did then and there use or exhibit a deadly weapon, to wit: hand, food, boot[,] or broomstick during the commission of the assault[.]" *See Crumpton v. State*, 301 S.W.3d 663, 664 (Tex. Crim. App. 2009).

As to count two, the jury charge asked if relator used a deadly weapon during the commission of the offense, and the jury answered "Yes."

true because the verdict "expressly found the defendant guilty of the offense 'as included in the indictment'" and "[t]he indictment expressly alleged that the defendant committed the offense with 'a deadly weapon.'"). On May 17, 2018, the trial court signed and entered a nunc pro tunc judgment adding a deadly weapon finding to both counts. On February 28, 2019, this Court reversed and rendered a judgment of acquittal as to count two for aggravated assault and affirmed the judgment as to count one for aggravated assault with a deadly weapon. *See Nanez*, 2019 WL 961681, at *2.

On July 30, 2020, relator filed a petition for writ of mandamus asking that we order the trial court to "correct the record regarding Count #2 of [trial court] cause number 17-05-30005-A, by complying with the mandate that was rendered by this Court," and by vacating the May 17, 2018 nunc pro tunc judgment. According to the parties, the trial court has not followed this Court's mandate that relator has been acquitted of count two of the indictment. The parties further agree that the trial court did not have jurisdiction when it signed and entered the May 17, 2018 nunc pro tunc judgment.[3]

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

A relator is entitled to mandamus relief if: (1) the relator has no adequate remedy at law, and (2) the relator seeks to compel a purely ministerial act not involving a discretionary or judicial decision. *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding); *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). The petition for writ of mandamus should be denied if the relator fails to meet

---

[3] Because we agree with the parties that the May 17, 2018 nunc pro tunc judgment is void, we need not address relator's argument that the trial court's correction of the judgment was made due to a judicial as opposed to clerical error as that issue is not dispositive. *See* TEX. R. APP. P. 47.1.

both these requirements. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A relator satisfies the ministerial-act requirement if the relator shows a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. This prong is satisfied if the relator shows that the facts and circumstances provide for only one rational decision "under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

"Mandamus is proper if a trial court issues an order beyond its jurisdiction." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (per curiam) (orig. proceeding). "Any action taken by a trial court without jurisdiction is void." *Ex parte Moss*, 446 S.W.3d 786, 788 (Tex. Crim. App. 2014). The issuance of a void order is an abuse of discretion. *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605; *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (per curiam) (orig. proceeding).

A void judgment occurs when it is apparent from the record that "the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (orig. proceeding) (per curiam). "Once the record has been filed in the appellate court, all further proceedings in the trial court— except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." Tex. R. App. P. 25.2. In addition, "once the trial record has been filed with the Court of Appeals . . . the trial court no longer has jurisdiction to adjudicate the case." *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App.

4

1995) (citing TEX. R. APP. P. 40(b)(2); *Farris v. State*, 712 S.W.2d 512, 514 (Tex. Crim. App. 1986) ("A trial court's power to act in a given case ends when the appellate record is filed in the court of appeals, except for matters concerning bond")). "[I]t is . . . axiomatic that where there is no jurisdiction, 'the power of the court to act is as absent as if it did not exist,' . . . and any order entered by a court having no jurisdiction is void." *Green*, 906 S.W.2d at 939.

## III. DISCUSSION

In this case, relator filed his notice of appeal of his conviction on November 21, 2017. The clerk's record in relator's appeal was filed in our Court on January 5, 2018, and the reporter's record was filed on February 16, 2018.

The trial court signed its nunc pro tunc order on May 17, 2018. Thus, the trial court's nunc pro tunc order was signed after the trial record had been filed in this Court and while relator's appeal was pending. Therefore, it is apparent from the record that the trial court lacked jurisdiction to issue the May 17, 2018 nunc pro tunc order. *See Green*, 906 S.W.2d at 939; *Mapco, Inc.*, 795 S.W.2d at 703. Accordingly, we agree with the parties that the trial court's nunc pro tunc judgment is void and mandamus is proper.

## IV. CONCLUSION

Because relator has established that the trial court's May 17, 2018 nunc pro tunc judgment is void and the trial court violated a ministerial duty, he is entitled to mandamus relief. *See Weeks*, 391 S.W.3d at 122. Accordingly, we conditionally grant a writ of mandamus and direct the trial court to vacate its May 17, 2018 judgment nunc pro tunc. *See* TEX. R. APP. P. 52.8(c). Our writ will issue only if the trial court fails to comply.[4]

---

[4] The State avers in its brief that it will "assure the Court's mandate is immediately obeyed."

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of September, 2020.